[L. A. No. 13178. In Bank.—November 19, 1931.]

CHARLES R. SMITH, Respondent, v. FRANS NELSON & SONS, INC. (a Corporation), Appellant.

Hal Hughes and Randall & Bartlett for Appellant.

Edgar G. Wenzlaff and John H. Miller for Respondent.

PRESTON, J.—The judgment of the court below is reversed.

The case of *Coulter* v. *Howard*, 203 Cal. 17 [262 Pac. 751], is authority for the proposition that the statute of frauds (sec. 1624, subd. 6, Civ. Code) may be satisfied as to the employment of a real estate broker by resort to appropriate language in escrow instructions, if signed by the party sought to be charged. But it is likewise evident that, unless overcome by some direct attack in equity, the broker must accept the apposite burdens and conditions contained

in the letter of authority which thus confirms his employment. And where, as here, the legal effect of the contract is to provide for the payment of a commission only upon completion of the escrow transaction, so as to invest the defendant with a clear title to the property it is to receive in exchange for its own, the commission does not become due where through no fault of the defendant, the transaction is never completed.

In *Coulter* v. *Howard, supra,* the defendant was held liable because her own act prevented consummation of the escrow transaction. Here we have the reverse situation. The party sought to be charged was willing to complete the exchange and but for the other party thereto, would have done so. Said other party, however, failed or refused to carry out his covenants. The broker's claim in this case must therefore fall with the collapse of the other negotiations. It is not permissible for the broker to resort to the escrow document for a ratification of his employment and then, in contradiction of the other provisions thereof, establish by parol a different contract as to the conditions under which the commission is to become due. To permit such a course would be to defeat the very object the statute of frauds was designed to accomplish.

The facts out of which this controversy arose are well set up in the majority opinion of the District Court of Appeal, with whose conclusion we agree. From said opinion we quote the following: ''Defendant has appealed from a judgment awarding a commission to plaintiff as a realtor. Plaintiff testified that he was a real estate broker on and prior to December 1, 1927; that about said date he was employed by defendant under an oral contract 'to get an acceptance' of the latter's proposition to exchange certain real properties for property owned by one Fred W. Siegel, at a stipulated commission or compensation, and that on that date he succeeded in bringing the parties together. Escrow instructions to the title company describing the respective properties were prepared and signed, the parties agreeing to deposit deeds to their properties which could be delivered by the escrow holder when the latter could issue certificates of title showing the properties each was to receive to be vested in him or it 'free of incumbrance except 2nd and ½ taxes for fiscal year 1927–1928', etc. In de-

fendant's escrow instructions appeared the following: 'Pay Charles R. Smith . . . $5250.00 commission and deliver to him as balance of commission a deed covering lots 6 and 7 in Block 23 of Tract No. 7264, in the County of Los Angeles . . . with certificate of title . . . ' The instructions of both parties provided for completion within thirty days from date and each contained a provision that if the conditions thereof had not been complied with at the expiration of such time they should be completed at the earliest possible date thereafter, unless written demand had been made for the return of the money or instruments deposited by either signer. . . .

"The conditions of defendant's escrow instructions were changed in various particulars not material here, and extensions were either permitted or expressly granted by it until February 21, 1928. It is admitted that plaintiff understood that defendant would require clear title in the contemplated exchange, and Siegel testified that there were many liens against his property and that he had not been able to 'clear' his property up to February 21, 1928, at which time defendant withdrew from the escrow, although he says he was still 'proceeding to arrange to clear it.' . . . "

As above noted, the only conclusion reasonably deduced from this escrow document is that the commissions were to be due and payable to plaintiff only upon the consummation of the transaction according to its tenor. By this contract, in the absence of other written agreement, plaintiff must be bound. (*Jennings* v. *Jordan,* 31 Cal. App. 335 [160 Pac. 576]; *Brian* v. *Cahill,* 34 Cal. App. 258 [165 Pac. 704]; *Coulter* v. *Howard, supra.*) Hence the conclusion above announced.

Langdon, J., Curtis, J., Shenk, J., Richards, J., Seawell, J., and Waste, C. J., concurred.