[L. A. No. 27195. In Bank. May 14, 1963.]

HOWARD L. BEAZELL, Plaintiff and Appellant, v. EUGENE SCHRADER, Defendant and Respondent.

Milton Zerin for Plaintiff and Appellant.

Thomas E. Garcin for Defendant and Respondent.

PEEK, J.—Plaintiff appeals from an order which we construe to constitute, in part, a judgment of dismissal following the sustaining of a demurrer without leave to amend in an action wherein plaintiff seeks to recover a $10,000 commission on an oral agreement for his services as a real estate broker.

The first amended complaint herein alleges the making of the oral agreement for plaintiff's employment to sell defendant's apartment building; that plaintiff was to be compensated at the rate of 5 per cent of the sales price; that plaintiff obtained a purchaser to whom defendant sold the property for $200,000; that defendant signed written escrow instructions which provided for the payment of a commission of $2,500 to plaintiff, and that plaintiff did not consent to the reduction of the commission from $10,000 to $2,500.

Plaintiff appealed from the order sustaining the demurrer, which order is nonappealable and the appeal was dismissed. (*Beazell* v. *Schrader*, 205 Cal.App.2d 673 [23 Cal. Rptr. 189].) Thereafter an order entitled ''Order Sustaining Demurrer Without Leave to Amend'' was made and filed, wherein it is provided: ''IT IS ORDERED that the demurrer to the first amended complaint of plaintiff is sustained without leave to amend; and that plaintiff take nothing from defendant.''

It is settled that '' [w]hen a demurrer to a complaint has been sustained without leave to amend, the only judgment which properly may be entered is a dismissal of the

action." (*Stafford* v. *Ballinger,* 199 Cal.App.2d 289, 298 [18 Cal.Rptr. 568] ; *Berri* v. *Superior Court,* 43 Cal.2d 856, 859-860 [279 P.2d 8].) For purposes of this appeal we will deem the foregoing order to incorporate an order of dismissal, and will interpret plaintiff's notice of appeal as applying to the dismissal. ▮ The order insofar as it sustains the demurrer, of course, is nonappealable. (*Tellefsen* v. *Key System Transit Lines,* 187 Cal.App.2d 44 [9 Cal.Rptr. 299].)

There is no dispute that plaintiff is entitled to the $2,500, which amount is below the jurisdictional limit of the trial court. The parties have stipulated that if plaintiff's claim is to be so limited, the demurrer was properly sustained on the ground that the superior court lacked jurisdiction.

Plaintiff's sole contention herein is that the escrow instructions constitute a sufficient writing to satisfy the statute of frauds[1] and hence justify the receipt of parol evidence as to the real agreement between the parties. However, he concludes his petition, and properly so, with the concession that prior to the execution of the escrow instructions defendant was free of "any enforceable" claims on the part of plaintiff.

The question herein is: Where a party to a commission agreement relies upon a particular writing of the other party as a "note or memorandum" in satisfaction of the requirements of the statute of frauds, may he introduce parol evidence to show that the writing incorrectly states the amount of commissions as theretofore agreed upon by the parties?

▮ Signed escrow instructions subscribed by the party to be charged and directed by him to the escrow agent have, where sufficient in content, been held to satisfy the statute of frauds. (*Coulter* v. *Howard,* 203 Cal. 17 [262 P. 751].) ▮ A memorandum is deemed sufficient if it shows the employment relationship between the parties; neither the amount of the commission nor a specific promise to pay the same need be expressed in the memorandum. (*Moore* v. *Borgfeldt,* 96 Cal.App. 306, 313 [273 P. 1114].) ▮ In the absence of any agreement as to compensation a reasonable commission may properly be inferred, or where there has been a parol agreement as to compensation evidence thereof is admissible to establish the agreed amount. (*Bruner* v. *Van's*

---

[1]Civil Code section 1624 provides in part: "The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged or by his agent: . . . 5. An agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission; . . ."

*Markets,* 103 Cal.App.2d 135, 141 [229 P.2d 56]; *Caminetti* v. *National Guar. Life Co.,* 56 Cal.App.2d 92 [132 P.2d 318].)

■ But the instant case differs from the foregoing cases in that the escrow instructions do provide for a fixed commission in precise and definite terms. In this respect, at least, no ambiguity appears, no construction is necessary and no extrinsic matters are referred to or incorporated into the writing. Without question if plaintiff is permitted to establish a different agreement than that evidenced by the escrow instructions his purpose and the effect of such a showing would be to vary and contradict the terms of the document which he urges as a sufficient memorandum, or to show a different contract than that to which such memorandum relates.

■ The contention is advanced that surplus provisions in a memorandum may be disregarded or corrected without doing violence to the statute, and that hence the instant provisions for commission may be treated as surplusage since the claimed memorandum would have been deemed sufficient without it. But certainly a definite and specific limitation on compensation set forth in the memorandum by the one to be charged manifestly is not intended as surplusage. It must be presumed that defendant intended to obligate himself for the commission stated, and the escrow instructions cannot realistically be construed as a memorandum of any other obligation assumed by defendant.

Although there are apparently no cases directly in point, a similar situation was considered in *Smith* v. *Frans Nelson & Sons, Inc.,* 214 Cal. 295 [5 P.2d 427]. In that case the plaintiff broker testified to an oral agreement wherein he was employed to "get an acceptance" for the exchange of real property, and that he procured such acceptance. Thereafter defendant signed escrow instructions wherein he made plaintiff's commission conditional on the completion of escrow. The escrow was later cancelled and the exchange never consummated. ■ The court held, beginning at page 295, that appropriate language in escrow instructions may satisfy the statute of frauds but that it was "likewise evident that, unless overcome by some direct attack in equity, the broker must accept the apposite burdens and conditions contained in the letter of authority which thus confirms his employment. . . . It is not permissible for the broker to resort to the escrow document for a ratification of his employment and then, in contradiction of the other provisions thereof, establish by

parol a different contract as to the conditions under which the commission is to become due. To permit such a course would be to defeat the very object the statute of frauds was designed to accomplish.'' (See also *Sanstrum* v. *Gonser*, 140 Cal.App. 2d 732 [295 P.2d 532] ; *Irwin* v. *Klimper*, 56 Cal.App. 434 [205 P. 714].)

While it is true that in the *Smith* case, as well as in the other two cited cases, the escrow failed whereas in the instant case it is alleged the sale was completed, nevertheless each of the plaintiffs in those cases claimed that the commission had been earned regardless of the failure of escrow. They were ready to show, the statute of frauds permitting, a parol agreement contradicting the condition stated in the instructions by which agreement each was entitled to compensation, just as plaintiff herein would show he is entitled to a greater compensation notwithstanding the instant escrow instructions. The cases stand for the proposition that the parol agreement of which the writing is a memorandum must be one whose terms are consistent with the terms of the memorandum.

It is urged that equity will not permit the statute of frauds itself to become an instrument of fraud. (See *Seymour* v. *Oelrichs*, 156 Cal. 782 [106 P. 88, 134 Am.St.Rep. 154] ; *Le Blond* v. *Wolfe*, 83 Cal.App.2d 282, 286 [188 P.2d 278].) But equity will not enforce an oral agreement within the statute of frauds solely because not to do so would permit a defendant to assert the statute and thus avoid the parol obligation. (*Zellner* v. *Wassman*, 184 Cal. 80 [193 P. 84] ; *Little* v. *Union Oil Co.*, 73 Cal.App. 612 [238 P. 1066].) The complaint fails to charge defendant with any improprieties other than his failure to perform the oral contract.

The complaint alleges a second cause of action in *quantum meruit* for the reasonable value of plaintiff's services in effecting the sale of defendant's property. This cause of action is also barred by the statute of frauds. Proof of the broker's employment for his services is necessary to his recovery, and it has been held that such proof can be made only pursuant to the requirements of the statute of frauds. (*Jamison* v. *Hyde*, 141 Cal. 109 [74 P. 695] ; *McCarthy* v. *Loupe*, 62 Cal. 299.)

For the foregoing reasons the judgment of dismissal is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and Tobriner, J., concurred.