[Civ. No. 27189.   Second Dist., Div. Two.   Aug. 13, 1963.]

ALLAN NORKIN, Plaintiff and Appellant, v. UNITED STATES FIRE INSURANCE COMPANY, Defendant and Respondent.

Hall, Moore & Olson and Joseph E. Hall for Plaintiff and Appellant.

Schell & Delamer and Fred B. Belanger for Defendant and Respondent.

FOX, P. J.—Plaintiff purports to appeal from an order sustaining without leave to amend defendant's demurrer to his second amended complaint.   On November 14, 1962, a minute order was entered, stating: "Demurrer sustained without leave to amend.   Counsel for moving party to prepare judgment."   No judgment has been entered.

"It is well settled that an order sustaining a demurrer without leave to amend is not an appealable order or a final judgment. A reviewing court does not have jurisdiction to review an appeal of this type." (*Beazell* v. *Schrader*, 205 Cal.App.2d 673 [23 Cal.Rptr. 189]; *Tellefsen* v. *Key System Transit Lines*, 187 Cal.App.2d 44 [9 Cal.Rptr. 299]; *Beazell* v. *Schrader*, 59 Cal.2d 577 [30 Cal.Rptr. 534, 381 P.2d 390].)

In the later *Beazell* case, the Supreme Court noted (p. 579) that Beazell upon a prior occasion had appealed from the order sustaining the demurrer to his complaint and that such order is non-appealable and that this purported appeal was dismissed in 205 Cal.App.2d 673 [23 Cal.Rptr. 189].   Thereafter, an order was made and filed which provided "IT IS ORDERED that the demurrer to the first amended

complaint of plaintiff is sustained without leave to amend; and that plaintiff take nothing from defendant.'' The Supreme Court held (p. 580) that they would consider the foregoing order to incorporate an order of dismissal and interpret plaintiff's notice of appeal as applying to the dismissal.

It will be noted that the later *Beazell* case is distinguishable from the one at bench in two particulars: (1) the *Beazell* order provided ''that plaintiff take nothing from defendant'', and (2) the minute order in the instant case provided that a judgment be prepared. Thus in the *Beazell* case the order could reasonably be considered a judgment since it provided ''that plaintiff take nothing from defendant'' whereas in our case the minute entry unmistakably contemplates that a formal judgment is to be prepared, signed and filed. It is therefore apparent that the later *Beazell* case (59 Cal.2d 577 [30 Cal. Rptr. 534, 381 P.2d 390]) is not here applicable.

The purported appeal is dismissed.

Ashburn, J., and Herndon, J., concurred.