[Civ. No. 46681. First Dist., Div. Three. Jan. 29, 1980.]

JOHN H. TAYLOR et al., Plaintiffs and Appellants, v.
STATE PERSONNEL BOARD, Defendant and Respondent;
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL,
Real Party in Interest and Respondent.

Counsel

Edmund K. Brehl, Richard J. Romanski, Christopher E. Cobey and Hession, Creedon, Hamlin, Kelly, Hanson & Williams for Plaintiffs and Appellants.

George Deukmejian, Attorney General, and Matthew P. Boyle, Deputy Attorney General, for Defendant and Respondent.

No appearance for Real Party in Interest and Respondent.

Opinion

**SCOTT, Acting P. J.**—Appellants John Taylor and Lance Thelen are California Highway Patrol officers. In February 1978 appellants were suspended without pay for 10 days. After a hearing the State Personnel Board affirmed the suspensions. Appellants filed a petition for a writ of administrative mandamus, challenging the propriety of their suspension. ██ ██ ██ ██ Respondent California State Personnel Board's demurrer was sustained without leave to amend.[1]

The sole issue on appeal is whether administrative mandamus is available to review a public employee's suspension without pay for 10 days or less.

The facts are essentially not in dispute. During the months of September and October 1977 appellants worked a 7 p.m. to 3:30 a.m. shift as highway patrol officers. Their primary duty was to seek out drunk drivers. Any arrest made shortly before the end of their shift required them to work overtime.

California Highway Patrol rules with regard to overtime and meals provide in pertinent part that an employee who works two hours overtime can charge the state for an overtime meal, if it is unreasonable to

---

[1]Appellants purport to have appealed from the order sustaining the demurrer without leave to amend, which order is nonappealable. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 64, p. 4078.) Only a judgment of dismissal based upon the sustaining of the demurrer is appealable. However, where no judgment has been entered, the appellate court itself may, and in the instant case we do, amend the nonappealable order to make it an appealable judgment of dismissal, and construe the notice of appeal as applying to that judgment. (*Beazell* v. *Schrader* (1963) 59 Cal.2d 577 [30 Cal.Rptr. 534, 381 P.2d 390].)

return home for the meal and if the employee actually consumes the meal. Instead of eating at the end of their overtime, appellants frequently ate after the beginning of their next shift, at about 8:30 p.m., and charged the state for that meal. The hearing officer concluded that although the officers did not intend to defraud the state, nonetheless they were not entitled to the reimbursement they claimed. Appellants also failed to comply with regulations requiring them to call the radio dispatcher and tell him they were going off duty when they went to eat. Instead, they took a scanner, a privately owned radio device, into the restaurant, in order to monitor their police radio.

Based upon these facts, the hearing officer sustained the decision of the California Highway Patrol to suspend appellants without pay for 10 days.

In their petition for writ of administrative mandamus pursuant to Code of Civil Procedure section 1094.5, appellants alleged that the hearing officer abused his discretion by imposing a penalty disproportionate to the violations, and that his decision was not supported by the findings.

Code of Civil Procedure section 1094.5 provides the basic framework for judicial review of any final order or decision rendered by a state or local administrative agency. (*Bixby* v. *Pierno* (1971) 4 Cal.3d 130, 137 [93 Cal.Rptr. 234, 481 P.2d 242].) According to section 1094.5, administrative mandamus is available to review a decision made by an agency as a result of a proceeding in which, *by law*: 1) *a hearing is required to be given*, 2) evidence is required to be taken, and 3) discretion in the determination of facts is vested in the agency. (*Jean* v. *Civil Service Commission* (1977) 71 Cal.App.3d 101, 105 [139 Cal.Rptr. 303], citing *Keeler* v. *Superior Court* (1956) 46 Cal.2d 596, 599 [297 P.2d 967]; see also Cal. Administrative Mandamus (Cont.Ed.Bar) §§ 2.3-2.6, and 1977 Supp.)

■ Government Code sections 19570 through 19588 generally establish the procedure whereby permanent civil service employees may be dismissed or otherwise disciplined. (*Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194, 202 [124 Cal.Rptr. 14, 539 P.2d 774].) Government Code section 19576 provides: "Whenever an answer is filed by an employee who has been suspended without pay for 10 days or less the *board or its authorized representative shall make an investigation with*

*or without a hearing as it deems necessary;* however, in the event an employee is suspended under subdivision (r) of Section 19572 for behavior or acts outside of duty hours, he shall, if he files an answer to the action, be afforded a hearing; or if he is suspended in more than three instances in any calendar year, he shall upon each additional suspension be afforded a hearing if he files an answer to the action." (Italics added,[2] added Stats. 1945, ch. 123, § 1; amend. Stats. 1949, ch. 1416, § 6; Stats. 1953, ch. 1536, § 3; Stats. 1965, ch. 111, § 1.) Clearly, section 19576 does not require a hearing when an employee is suspended for 10 days or less. (See also *Skelly* v. *State Personnel Bd., supra,* at p. 203, fn. 16, characterizing such suspension as a "minor disciplinary matter.")

Appellants argue that despite the statute, the administrative rules of the State Personnel Board do mandate a hearing. Appellants rely on California Administrative Code, title 2, sections 67 and 68. Section 67 provides in pertinent part: "When there is filed with the board...an answer to a punitive action under Section 19575 of the act..., such filing shall automatically operate as the reference of every such proceeding to the hearing officer *for hearing or investigation without hearing* as appropriate." (Italics added.) Section 68 provides in pertinent part: "In all cases referred or assigned to the hearing officer *for hearing or investigation*, including punitive actions and disciplinary proceedings, the hearing officer shall prepare a proposed decision." (Italics added.) However, those sections do not support appellants' contentions. The hearing officer is granted discretion to hold a hearing *or* conduct an investigation. Therefore, the sections reinforce the conclusion that the hearing is not mandatory.

■ Appellants urge that the proceeding before the hearing officer was called a hearing, and was in every way identical to the hearing required by Government Code section 19578 except that no transcript was prepared. Appellants reason that because they were in fact provided a hearing, a hearing must have been required by the State Personnel Board, and administrative mandamus should lie. However, in *Keeler* v. *Superior Court* (1956) 46 Cal.2d 596, 599 [297 P.2d 967], the court rejected a similar argument, and held that whether the proceeding which actually occurred constituted a hearing or merely an

---

[2]In contrast, Government Code section 19578 mandates an evidentiary hearing within a reasonable time whenever an answer is filed to a punitive action *other than* a suspension without pay for 10 days or less. (*Skelly, supra,* 15 Cal.3d at p. 203.)

investigation was unimportant, as review pursuant to Code of Civil Procedure section 1094.5 is appropriate only when a hearing is *required by law*.

Neither statute nor administrative rules required a hearing in this case. ■ The only remaining question is whether review pursuant to Code of Civil Procedure section 1094.5 is available because a hearing was required by due process.

In *Skelly* v. *State Personnel Bd., supra,* 15 Cal.3d 194, the court held that procedural due process requires that *before* taking punitive action other than a short suspension against a civil service employee, the state must accord that employee at least notice of the proposed action, the reasons therefor, a copy of the charges and materials upon which the action is based, and the right to respond, either orally or in writing, to the authority initially imposing discipline. A "full trial-type evidentiary hearing" is not required prior to such punitive action (p. 215).

In *Civil Service Assn.* v. *City and County of San Francisco* (1978) 22 Cal.3d 552 [150 Cal.Rptr. 129, 586 P.2d 162], the Supreme Court considered whether employees suspended for five days or less were entitled to the *Skelly* procedural safeguards in advance of that suspension. The court concluded that such predisciplinary procedures are not required in the case of minor suspensions. The court then went on to say, however, that "minimal concepts of fair play and justice embodied in the concept of due process require that there be a 'hearing,' of the type hereinafter explained," either during the suspension or within a reasonable time thereafter (p. 564). The court then explained the character of the postdisciplinary "hearing" which would satisfy due process, that is, one that will apprise the employee of the discipline and the reasons therefor, give the employee a copy of the charges including materials upon which the action is based, and give the employee the right to respond, either orally or in writing, to the charges.

Appellants do not allege the procedures actually followed in their case did not comply with the safeguards outlined in *Civil Service Assn.* v. *City and County of San Francisco.* Furthermore, Government Code section 19574 expressly requires such procedures: written notice is to be served on an employee no later than 15 days after the effective date of a punitive action; that notice must include a statement of the nature of the punitive action, the causes for that action, the facts on which the

causes are based, and a statement advising the employee of his right to answer.

Although the court in *Civil Service Assn.* determined that due process required "that there be a 'hearing,' of the type hereinafter explained" when individuals are given short suspensions, that judicially imposed "hearing" is not equivalent to the "hearing required by law" which activates permissible judicial review of administrative decisions pursuant to Code of Civil Procedure section 1094.5.

Administrative mandamus is available to review a decision made after a proceeding in which, by law, 1) a hearing is required to be given, 2) *evidence is required to be taken,* and 3) discretion in the determination of facts is vested in the agency. (*Jean* v. *Civil Service Commission, supra,* 71 Cal.App.3d at p. 105.) Whatever its label, the procedure mandated by *Civil Service Assn.* is not a proceeding in which evidence is required to be taken. Therefore, despite the court's use of the term "hearing" to describe the necessary procedural safeguards which must accompany even a short term suspension, these procedures are distinguishable from the proceeding which entitles an aggrieved party to judicial review by administrative mandamus.

■ We have also considered whether appellants are entitled to review by ordinary mandamus. When a party petitions for a writ of administrative mandamus, and such review is not applicable, it is the court's duty to issue a traditional writ of mandate pursuant to Code of Civil Procedure section 1085, if warranted by the facts. (*Mahdavi* v. *Fair Employment Practice Com.* (1977) 67 Cal.App.3d 326, 336 [136 Cal.Rptr. 421].)

Code of Civil Procedure section 1085 provides that a writ of mandate "may be issued...to compel the performance of an act which the law specifically enjoins." Appellants do not allege that respondent failed to perform any statutory duty or any act that the law specifically enjoins. Ordinarily, mandamus does not lie to compel the doing of an act in a particular manner where an agency has discretion to decide on the manner of its performance. (5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 75, p. 3851.) Appellants allege the imposition of a 10-day suspension was an abuse of discretion. Mandamus will lie to correct an abuse of discretion only where a petitioner *clearly* establishes his right to have discretion exercised in a particular manner. (*Inglin* v. *Hoppin* (1909) 156 Cal. 483 [105 P. 582]; *Mannheim* v. *Superior*

*Court* (1970) 3 Cal.3d 678, 685 [91 Cal.Rptr. 585, 478 P.2d 17].) A short suspension without pay for violating California Highway Patrol rules is not an abuse of discretion, and therefore is not reviewable by ordinary mandamus.

We conclude that the court did not err in sustaining respondent's demurrer without leave to amend.

Judgment is affirmed.

Feinberg, J., and Takei, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 24, 1980.

*Assigned by the Chairperson of the Judicial Council.