[No. A034931. First Dist., Div. Three. May 29, 1987.]

ADAMS POINT PRESERVATION SOCIETY, Plaintiff and Appellant, v.
CITY OF OAKLAND, Defendant and Respondent;
IDAMAE WOOD et al., Real Parties in Interest and Respondents.

COUNSEL

Samuel E. Trosow for Plaintiff and Appellant.

Richard E. Winnie, City Attorney, and Ralph Wheeler, Deputy City Attorney, for Defendant and Respondent.

No appearance for Real Parties in Interest and Respondents.

OPINION

WHITE, P. J.—Appellant Adams Point Preservation Society, an unincorporated association (appellant), filed a combined petition for writ of mandate and complaint for injunctive relief (petition) against respondent City of Oakland (City) and real parties in interest Idamae Wood (Wood) and Shen Wang (Wang). The trial court sustained a demurrer to the petition without leave to amend.[1] ▮▮▮ We affirm.

---

[1] Appellant purports to have appealed from the order sustaining the demurrer without leave to amend, which order is nonappealable (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 82, pp. 104-105). However, where no judgment has been entered, the appellate court may, and we do, amend the nonappealable order to make it an appealable judgment of dismissal and construe the notice of appeal as applying to that judgment. (*Beazell* v. *Schrader* (1963) 59 Cal.2d 577, 579-580 [30 Cal.Rptr. 534, 381 P.2d 390]; *Taylor* v. *State Personnel Bd.* (1980) 101 Cal.App.3d 498, 501, fn. 1 [161 Cal.Rptr. 677].)

## I

### *Background and Allegations of Complaint*

The petition arises from the application of Wood to City for a demolition permit to demolish a dwelling located at 301 Jayne Avenue in City. The petition alleges the following: Wood is the owner of the Jayne Avenue property. On or about December 20, 1985, Wood filed with City an application for a permit to demolish the dwelling. In seeking the demolition permit, Wood and Wang anticipated further seeking a building permit for the construction of a 12-unit residential structure on the property. Demolition notices thereafter were posted in the vicinity of the dwelling. Pursuant to Oakland Building Code section 302(e), appellant filed a timely written protest to the issuance of the demolition permit. Thereafter, appellant was informed by City that the demolition permit would issue automatically 60 days after the protest was filed.

The petition further alleges that City is subject to CEQA (California Environmental Quality Act, Pub. Resources Code, § 21000 et seq.) and its guidelines. City has adopted a "Statement of Objectives, Criteria and Procedures for Implementation of CEQA." Under CEQA and the City's procedures, City is required to make a finding that its action in granting the demolition permit is not subject to environmental review.[2] City, in failing to do so, has violated the law. The petition seeks, inter alia, a writ of mandate compelling City to vacate the demolition permit and "to conduct such review on the project as is required by law."

City demurred to the petition on the ground that it did not allege facts sufficient to state a cause of action. (Code Civ. Proc., § 430.10, subd. (e).) In support of its demurrer, City explained that by its express provisions, CEQA does not apply to nondiscretionary ministerial acts such as the granting of a demolition permit pursuant to Oakland Building Code, section 302. City contended that the failure of the petition to allege that the issuance of the demolition permit depended upon the personal judgment or discretion of any public official was fatal to any claim for relief under CEQA.

The trial court sustained the demurrer without leave to amend. On appeal, appellant does not contend that it should have been granted leave to allege additional facts, but that the petition as filed states a basis for relief under CEQA.

---

[2] The petition apparently refers to CEQA's requirement for a "negative declaration" confirming that a project not otherwise exempt from CEQA will have no significant effect on the environment. (Pub. Resources Code, § 21080, subd. (c).)

II

*Discussion*

Public Resources Code section 21080, subdivision (a) states that the provisions of CEQA apply only to "discretionary projects[3] proposed to be carried out or approved by public agencies, including, but not limited to, the enactment and amendment of zoning ordinances, the issuance of zoning variances, the issuance of conditional use permits and the approval of tentative subdivision maps . . . ." (Fn. added.) Section 21080, subdivision (b)(1) specifically excludes from coverage by CEQA "ministerial projects" approved by public agencies. The term "ministerial" is defined in the CEQA Guidelines, title 14, California Administrative Code, section 15369: " 'Ministerial' describes a governmental decision involving little or no personal judgment by the public official as to the wisdom or manner of carrying out the project. The public official merely applies the law to the facts as presented but uses no special discretion or judgment in reaching a decision. A ministerial decision involves only the use of fixed standards or objective measurements, and the public official cannot use personal, subjective judgment in deciding whether or how the project should be carried out. Common examples of ministerial permits include automobile registrations, dog licenses, and marriage licenses. A building permit is ministerial if the ordinance requiring the permit limits the public official to determining whether the zoning allows the structure to be built in the requested location, the structure would meet the strength requirements in the Uniform Building Code, and the applicant has paid his fee."

In *People* v. *Department of Housing & Community Dev.* (1975) 45 Cal.App.3d 185 [119 Cal.Rptr. 266], the court found that the issuance by a city of a mobilehome park building permit was a ministerial, and not a discretionary act covered by CEQA, because the issuance of the permit was premised upon compliance with the local building code. (*Id.,* at p. 190.)

In *San Diego Trust & Savings Bank* v. *Friends of Gill* (1981) 121 Cal.App.3d 203 [174 Cal.Rptr. 784], the court held that the issuance of a demolition permit for an historical building was, under the governing municipal codes in San Diego, a discretionary act subject to CEQA. (*Id.,* at p. 212.) The building had been listed as a local and national historical site. Under the governing municipal code, the application for the demolition permit had to be referred to a historical site board for consideration and recommendation. (*Id.,* at pp. 206-207, fn. 2.) The court found such code section

---

[3]The term "project" includes an activity involving the issuance of a permit. (Pub. Resources Code, § 21065, subd. (c).)

"contemplated some ultimate discretionary act in the issuance of the permit because under its provisions the [historical site] Board must investigate and confer with the responsible parties and under these powers impliedly will attempt to secure alternatives where appropriate." (*Id.,* at p. 211.)

Here, the petition did not allege that the issuance of the demolition permit by City was a discretionary act and did not allege facts, or request the court to take judicial notice of facts, from which could be determined that the issuance of such permit was a discretionary act. Unlike the circumstances in *San Diego Trust,* the petition does not allege that the dwelling here has been officially designated an historical site; its demolition, therefore, presumably is not subject to the same considerations present in *San Diego Trust*. On appeal, appellant apparently acknowledges that the issuance of the demolition permit by City is not a discretionary act. Appellant contends that CEQA governs even "if a project does not, under applicable local law, require any discretion, but poses the potential of affecting the environment." Appellant cites *Day* v. *City of Glendale* (1975) 51 Cal.App.3d 817 [124 Cal.Rptr. 569] purportedly in support of this contention. *Day,* however, holds only that a project of mixed ministerial-discretionary character should be treated as a discretionary project. (*Id.,* at p. 823.) In dicta, the court stated that "the discretionary-ministerial designation of a project is not necessarily determinative of its environmental impact." (*Id.,* at p. 824.) To the extent such dictum implies that CEQA applies to ministerial acts, it is not supported by any provision of CEQA and we do not find it controlling here.

Appellant further purportedly relies upon *Natural Resources Defense Council, Inc.* v. *Arcata Nat. Corp.* (1976) 59 Cal.App.3d 959 [131 Cal.Rptr. 172]. In that case, however, the court specifically found that the approval by the state forester of timber harvesting plans at issue in the case constituted a mixed discretionary-ministerial act and therefore was covered by CEQA. (*Id.,* at pp. 969-970.) The court emphasized that the state forester, in approving the plans, had had a great degree of latitude in exercising his personal judgment. (*Id.,* at p. 970.)

Here, the petition does not allege facts showing that the issuance of the demolition permit is a mixed discretionary-ministerial act; the authorities cited by appellant are therefore inapposite.

Appellant further argues that the demolition permit will be succeeded by an application for a building permit. The issuance of a demolition permit in anticipation of the issuance of a building permit, appellant argues, gives rise to coverage by CEQA. This contention has no merit. The petition does not allege that the City's issuance of the demolition permit is dependant upon the issuance of a building permit and the copy of the application for

the demolition permit attached to the petition contains no reference to any building permit. The demolition of the existing dwelling therefore constitutes a "project" separate from the alleged anticipated construction of another building. The building permit should be reviewed independently, if and when it is issued, to determine whether CEQA applies.

We therefore conclude, as did the trial court, that the petition does not allege facts sufficient to show that the issuance of the demolition permit was governed by CEQA. Accordingly, the petition fails to state grounds for relief based upon noncompliance with CEQA and the demurrer was properly sustained. (*Simi Valley Recreation & Park Dist.* v. *Local Agency Formation Com.* (1975) 51 Cal.App.3d 648, 652, 666-667 [124 Cal.Rptr. 635] [because public agency's action as alleged in petition was purely ministerial and therefore exempt from CEQA, the demurrers to the causes of action based upon CEQA were properly sustained].)

### III

### *Disposition*

The judgment is affirmed.

Scott, J., and Merrill, J., concurred.