[No. E004899. Fourth Dist., Div. Two. Mar. 23, 1989.]

RICHARD COELHO, Plaintiff and Appellant, v.
STATE PERSONNEL BOARD et al., Defendants and Respondents.

COUNSEL

R. E. Scott for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, Melvin R. Segal and Beth Lori Faber, Deputy Attorneys General, for Defendants and Respondents.

OPINION

**DABNEY, Acting P. J.**—Richard Coelho appeals from an order sustaining a demurrer without leave to amend.

## FACTS

Appellant Richard Coelho, a warden with the California Department of Fish and Game (Department), received a notice of adverse action alleging inefficiency, inexcusable neglect of duty, dishonesty, and other failure of good behavior causing discredit to the employer. Coelho filed a response, and a hearing was conducted before an administrative law judge (ALJ). The ALJ upheld the discipline against Coelho. The Personnel Board of the State of California (Board) adopted the ALJ's findings. Coelho was ordered suspended from duty without pay for four days.

Coelho filed a petition for a peremptory writ against the Board and the director of the Department (respondents). Among other things, Coelho alleged in the petition that the findings of the Board were based upon insufficient evidence and the Board therefore abused its discretion. Respondents filed a demurrer to the motion on the ground that the court lacked jurisdiction. Coelho filed a response to the demurrer. Following a hearing, the trial court sustained the demurrer without leave to amend on the ground that it lacked jurisdiction to hear the petition.

## DISCUSSION

 The sole issue on appeal is whether the trial court erred in sustaining the demurrer to Coelho's motion for peremptory writ of administrative mandamus.

Coelho concedes that administrative mandamus under Code of Civil Procedure section 1094.5 was not an available remedy. Administrative

mandamus lies to review decisions which result from evidentiary administrative hearings which are required by law to be held. (Code Civ. Proc., § 1094.5; *Taylor* v. *State Personnel Bd.* (1980) 101 Cal.App.3d 498, 505 [161 Cal.Rptr. 677].) Coelho was suspended for only four days; the Department was not required to hold an evidentiary hearing to impose a suspension of five days or less. (Gov. Code, § 19576.)

However, Coelho asserts that ordinary mandamus was available to review the administrative decision. (Code Civ. Proc., § 1085.)[1] Traditional mandamus will lie to correct an abuse of discretion when a petitioner clearly establishes his right to have discretion exercised in a particular manner. (Code Civ. Proc., § 1085; *Taylor, supra,* 101 Cal.App.3d at p. 505.) A demurrer to a petition for extraordinary relief should be overruled if the petition alleges facts entitling the petitioner to ordinary mandamus, even if the petition erroneously requests administrative mandamus. (*Woods* v. *Superior Court* (1981) 28 Cal.3d 668, 673 [170 Cal.Rptr. 484, 620 P.2d 1032].) We thus examine the petition to determine whether it alleges facts entitling Coelho to some form of relief.

In the petition, Coelho asserted that the Board abused its discretion in that its decision was not supported by substantial evidence. For purposes of ruling on the trial court's decision to sustain the demurrer, we accept as true all the allegations in the petition. (*Griffith* v. *Department of Public Works* (1956) 141 Cal.App.2d 376, 381 [296 P.2d 838].) The question is not whether the petitioner might ultimately be able to prove any of the facts alleged, but whether if the facts pleaded are true, the plaintiff is entitled to relief. (*Alcorn* v. *Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 496 [86 Cal.Rptr. 88, 468 P.2d 216].) If the evidence was insufficient to justify disciplinary sanctions against Coelho, the Board had a legal duty to revoke the adverse action.[2] (See, e.g., *City of Torrance* v. *Superior Court* (1976) 16 Cal.3d 195, 202 [127 Cal.Rptr. 609, 545 P.2d 1313].) Thus, we conclude that the trial court erred in sustaining the demurrer; the trial court should have considered the merits of the petition.

---

[1] Code of Civil Procedure section 1085 provides that a writ of mandate "may be issued by any court, . . . to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station; . . ."

[2] Respondents contend that *Taylor* holds that even ordinary mandamus is unavailable to review short term suspensions. Respondents rely on the statement in *Taylor* that "A short suspension without pay for violating [a state agency's] rules is not an abuse of discretion, and therefore is not reviewable by ordinary mandamus." (*Taylor, supra,* 101 Cal.App.3d at p. 506.) We do not dispute that a short suspension is within the range of the Board's discretion when it finds a violation of rules. However, the Board has no discretion to impose any punishment unless it finds, *on the basis of substantial evidence,* that rules were violated.

## DISPOSITION

The judgment is reversed. Each party to bear its own costs.

Hollenhorst, J., and Staniforth, J.,* concurred.

Respondents' petition for review by the Supreme Court was denied June 21, 1989.

---

* Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.