[Civ. No. 65551. Second Dist., Div. Four. Feb. 24, 1983.]

MARY M. WEARY, Plaintiff and Respondent, v.
CIVIL SERVICE COMMISSION OF LOS ANGELES COUNTY,
Defendant and Appellant.

COUNSEL

John H. Larson, County Counsel, and Nancy M. Naftel, Deputy County Counsel, for Defendant and Appellant.

Atkins, Evans & Widener and Nelson L. Atkins for Plaintiff and Respondent.

OPINION

AMERIAN, J.—

## STATEMENT OF THE CASE

This is an appeal by the Los Angeles County Civil Service Commission (hereinafter Commission) from a judgment, entered on September 4, 1981, granting respondent Mary Weary's petition for writ of mandate pursuant to Code of Civil Procedure section 1094.5. The writ ordered the Commission to set aside its decision of September 4, 1981, in an administrative proceeding entitled, "Appeal of Mary M. Weary from her 'Improvement Needed' performance evaluation." The Commission had determined that the "Improvement Needed" evaluation rating of work performed by Weary during the period April 1977 through March 1978 as an engineering aide III with the Department of Engineers of Los Angeles County was proper.

## FACTS

As of 1978, Weary had been employed as a permanent civil servant of Los Angeles County, Department of Engineers, for 21 years. In 1969, she became an engineering aide II and was promoted to an engineering aide III position in 1972. As an engineering aide III, Weary prepared assessor maps.

In April of 1978, Weary received an "Improvement Needed" evaluation for the work she performed. She appealed this rating to the department of engineers. When the department sustained her evaluation, Weary appealed her evaluation to the Commission.[1]

---

[1]The appeal to the Commission was made pursuant to the County of Los Angeles Civil Service Commission Rules, rule 21.14, which provides as follows: "If the overall rating is 'Improvement Needed', the employee may request a hearing in accordance with Rule 5. No request for a hearing will be considered unless the employee has first exhausted his departmental remedy as specified in Rule 21.12. No request for a hearing will be considered from any rating other than one of 'Improvement Needed', nor for ratings based on service as a temporary employee nor from any probationary rating, but such employee may file with the Commission an answer or other statement which shall be made a part of his Civil Service record. [¶] If, subsequent to his

On July 8, 1978, shortly after petitioning the Commission for a hearing on her "Improvement Needed" evaluation, Weary was laid-off pursuant to rule 20.03 of the civil service commission rules.[2] Because she received an "Improvement Needed" rating, the department of engineers did not place Weary's name on a reemployment list. This action was taken under purported authority of rule 20.08.[3] As a consequence, Weary's employment with the county was terminated.

Thereafter, the Commission granted Weary's petition for a hearing on her evaluation rating pursuant to rule 5.03, subdivision (b).[4] The hearing was conducted on the matter before a hearing officer on October 14 and November 18-19, 1980. The parties stipulated that the issues to be determined by the hearing officer were whether the "Improvement Needed" evaluation was proper and, if not, what the appropriate remedy for Weary should be.

At the conclusion of the hearing, the hearing officer issued proposed findings of fact and conclusions of law. The hearing officer proposed to find, inter alia, that since Weary's work product for the period under scrutiny had not differed in quantity or quality from prior evaluation periods in which she received

resignation, an employee who held permanent status receives a performance evaluation with an overall rating of 'Improvement Needed' or 'Unsatisfactory', he may, within ten business days after delivery or mailing to him of a copy of the evaluation, request reconsideration of the rating by the Commission. This request must be in writing, setting forth in detail all the reasons upon which the request is made. Upon receipt of the request, the Commission may deny the request, upholding the rating as prepared, or conduct a hearing from written materials. In no event shall the decision of the Commission affect the employee's resignation."

[2] Rule 20.03 provides, inter alia: "In case there are two or more permanent employees in the class from which layoff or reduction is to be made, such employees shall be laid off or reduced on the basis of the last rating in the class, provided it has been on file with the Commission at least thirty days prior to the layoff, as follows: [¶] First, all employees having ratings of 'Improvement Needed'; [¶] Second, all employees having ratings of 'Competent' or 'Outstanding'. [¶] . . . . [¶] An employee who is to be laid off on the basis of an 'Improvement Needed' rating may request a hearing before the Commission on his over-all rating in accordance with the provisions of Rule 5."

[3] Rule 20.08 provides in part, as follows: "The names of persons laid off or reduced in accordance with these Rules shall be entered upon a list in the inverse of the order specified in Rules 20.03 and 20.04, except that persons whose records of employment have not been satisfactory shall be omitted from the Re-employment List. . . ."

[4] Rule 5.03 provides, in part: "(a) In cases of discharge or reduction of a permanent employee other than a probationary employee covered by the provisions of Rules 19.07 through 19.10, or suspension in excess of five days, a timely petition for hearing shall be granted if it generally denies the allegations of the notice of discharge, reduction or suspension. In cases of suspension of five days or less, the Commission may grant a hearing or may conduct a review of written materials in accordance with the procedures set forth in Rule 5.04.

"(b) In all other cases the Commission may, at its discretion, grant a hearing or make its decision on the merits based on a review of written materials submitted by the parties concerned. The Commission may deny both a request for a hearing and a review of written materials if the petition fails to state specific facts and reasons, or if in the opinion of the Commission the specific facts and reasons stated, if true, would not entitle the petitioner to any relief. No amended petition need be considered if it is not filed within ten business days of the date of denial of the original petition. No more than one amended petition may be filed."

"Competent" ratings, and since she had not received prior notice that her work would be given an "Improvement Needed" evaluation before she actually received the rating, the "Improvement Needed" rating was not proper. The hearing officer recommended that the evaluation rating be set aside and that Weary be placed on the reemployment list as of the date the evaluation issued, i.e., April 19, 1978, and "give her all rights that flow therefrom."

The Commission, however, reviewed both the transcript of the hearing and the evidence introduced at the hearing and rejected the hearing officer's proposed findings of fact and conclusions of law. The Commission determined that the "Improvement Needed" evaluation was proper. This determination was based upon findings, inter alia, that the engineering department "had established productivity standards" which "were well known to all employees who were subject to them, including [Weary]" and that its "[s]aid standards were met by most of the other employees to whom they applied." The productivity standards, however, were found not to have been met by Weary and it was further found that she was advised "that her work did not meet the applicable productivity standards" before she was given the "Improvement Needed" evaluation.

The Commission then concluded that Weary had received adequate notice of the productivity standards of the engineering department which were deemed by the Commission to be reasonable and that the "Improvement Needed" evaluation was warranted because of Weary's failure to meet those standards. Finally, the Commission concluded that "Because of said evaluation, Civil Service Rule 20.03 mandated [Weary's] layoff" and that her "layoff was neither disciplinary nor punitive."

Thereafter, on May 5, 1981, and pursuant to Code of Civil Procedure section 1094.5[5] Weary petitioned the superior court for a writ of mandate to set aside the Commission's decision. The court exercised its independent judgment and conducted an independent review of the evidence. The court found, inter alia, that there were no written productivity standards and that the unwritten productivity standards were unreasonable and lacking in objectivity. The court found that Weary's "level of performance during the rating period in question was consistent with her performance levels during the three previous rating periods." The court found that "there had been no substantial variance in [Weary's] actual performance levels and she had never previously been rated anything less than competent" and that "[a]t no time prior to receiving the 'Improvement Needed' rating in April, 1978, was [Weary] given . . . notice that her performance was in any way inadequate before receiving the April, 1978 rating."

---

[5] All references are to the Code of Civil Procedure, unless otherwise indicated.

The court then made the following conclusions of law: "1. The manner in which [Weary's] performance was evaluated was highly subjective and unpredictable, in violation of her due process rights. [¶] 2. The 'Improvement Needed' rating of April, 1978 was improper in that [Weary] was not afforded the notice required by due process. [¶] 3. The decision of the Civil Service Commission in this matter was not supported by the evidence, and constitutes an abuse of the Commission's discretion."

Judgment was then entered in favor of Weary on September 4, 1981, and the writ was issued ordering the Commission to set aside its decision that Weary's "Improvement Needed" evaluation was proper.

## CONTENTIONS

The Commission appeals, urging that the judgment must be reversed because administrative mandamus is not available to review the Commission's decision. This argument is based on the fact that the hearing conducted on the propriety of Weary's "Improvement Needed" evaluation was one granted through the exercise of the Commission's discretion and thus was not a hearing required by law to be given within the meaning of section 1094.5. The Commission also argues that assuming administrative mandamus is available to review its decision, the court erred in utilizing the independent judgment standard of reviewing the Commission's decision because Weary does not have a vested or fundamental right to be rated "Competent." Finally, the Commission asserts that "Due process does not mandate prior notice of an 'Improvement Needed' evaluation."

■ For reasons discussed below, we conclude that the Commission is correct in its assertion that review of its decision does not lie by way of administrative mandamus within the meaning of section 1094.5. The judgment, therefore, must be reversed and we need not consider the additional contentions raised by appellant.

## DISCUSSION

Respondent Weary sought review of the Commission's decision that her "Improvement Needed" evaluation rating was proper pursuant to section 1094.5, subdivision (a).⁶ ■ Judicial review of administrative decisions is

---

⁶Section 1094.5, subdivision (a) provides: "(a) Where the writ is issued for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken and discretion in the determination of facts is vested in the inferior tribunal, corporation, board or officer, the case shall be heard by the court sitting without a jury. All or part of the record of the proceedings before the inferior tribunal, corporation, board or officer may be filed with the petition, may be filed with respondent's points and authorities or may be ordered to be filed by the court. If the expense of preparing all or any part of the record has been borne by the prevailing party, such expense shall be taxable as costs."

available pursuant to section 1094.5 only if the decisions resulted from a "proceeding in which *by law*: 1) *a hearing is required to be given,* 2) evidence is required to be taken, and 3) discretion in the determination of facts is vested in the agency. [Citations.]" (*Taylor* v. *State Personnel Bd.* (1980) 101 Cal.App.3d 498, 502 [161 Cal.Rptr. 677].)

■■■ The Los Angeles County's Civil Service Rules provide that an employee who has received an "Improvement Needed" evaluation rating may request a hearing before the Commission on the rating pursuant to the provisions of rule 5 of the civil service commission rules. (See *ante,* fn. 1 (rule 21.14).) Rule 5 requires hearings to be given upon the petition of an employee who has been discharged, suspended, or reduced (rule 5.03, subd. (a), see fn. 4, *ante*). Rule 5.03, subdivision (b), however, provides that: "(b) In all other cases the Commission may, *at its discretion,* grant a hearing or make its decision on the merits based on a review of written materials submitted by the parties concerned. . . ." (Italics added.)

Since Weary requested a hearing on her "Improvement Needed" rating, the hearing conducted by the hearing officer on behalf of the Commission was one which was not required by law (rule 5.03, subd. (a)). It, rather, was one which was granted through the Commission's exercise of discretion granted to it by rule 5.03, subdivision (b).

Thus, the Commission is correct in its analysis that administrative mandamus under section 1094.5 was not the appropriate remedy for review of its decision. As the Commission points out, review of its decision is available under section 1085. Under section 1085, the standard of review is limited to determining whether the Commission's decision constituted an abuse of discretion. (See *Reinbold* v. *City of Santa Monica* (1976) 63 Cal.App.3d 433, 438 [133 Cal.Rptr. 874]; *City of Santa Cruz* v. *Local Agency Formation Com.* (1978) 76 Cal.App.3d 381, 393 [142 Cal.Rptr. 873].) Accordingly, the judgment must be reversed and remanded for a hearing pursuant to section 1085.

■■■ Finally, there is the consequence which stems from respondent's name having been omitted from the reemployment list. The briefs submitted by both parties to this appeal indicate that, pursuant to rule 20.08, respondent was not placed on the reemployment list because of the "Improvement Needed" evaluation rating she received.

Rule 20.08 provides in pertinent part that: "The names of persons laid off or reduced in accordance with these Rules shall be entered upon a list . . . except that persons whose records of employment have not been satisfactory shall be omitted from the Re-employment List. . . ." Rule 21.04 of the civil service

commission rules describes four possible evaluation ratings a permanent employee may receive for work performed. These ratings include "Outstanding," "Competent," "Improvement Needed" and "Unsatisfactory."

The record before us indicates that respondent received three prior evaluations, in which she was rated "Competent." Her 1977-1978 overall evaluation was the "Improvement Needed" evaluation which is the subject of the underlying dispute. However, in the categories of work habits, personal relations and adaptability she was rated as "Competent" even in that evaluation for 1977-1978.

Further, there is nothing in the record before us which indicates that her record of employment was not satisfactory, within the meaning of rule 20.08.

If there had been no reduction in work force in July 1978, respondent might still be working for the county. Under the civil service rules, when the work force is enlarged after earlier reduction, a permanent employee is not expressly disqualified from being eligible for rehire simply because the employee has been rated as "Improvement Needed" in the most recent evaluation. There is no reason why such a result (disqualification from eligibility for rehire) should be implied.

Accordingly, we conclude that respondent's name was erroneously omitted from the reemployment list, notwithstanding the propriety of the "Improvement Needed" evaluation rating she received.

### DISPOSITION

The judgment is reversed.

Kingsley, Acting P. J., and Nelson (H. P.), J.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 20, 1983.

---

*Assigned by the Chairperson of the Judicial Council.