[No. B031882. Second Dist., Div. Four. Aug. 8, 1988.]

BOARD OF MEDICAL QUALITY ASSURANCE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
JAMES D. DEAN, Real Party in Interest.

692

COUNSEL

John K. Van de Kamp, Attorney General, and Alan S. Meth, Deputy Attorney General, for Petitioner.

No appearance for Respondent.

James D. Dean, in pro. per., and John Joseph Matonis for Real Party in Interest.

OPINION

WOODS (A. M.), P. J.—This original proceeding in mandate presents two novel issues of law for determination.

The first issue is whether an indigent physician seeking judicial review pursuant to Code of Civil Procedure section 1094.5[1] of an administrative decision revoking his professional license may obtain a waiver of costs for

---

[1] Code of Civil Procedure section 1094.5, subdivision (a) states: "Where the writ is issued for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer, the case shall be heard by the court sitting without a jury. All or part of the record of the proceedings before the inferior tribunal, corporation, board, or officer may be filed with the petition, may be filed with respondent's points and authorities, or may be ordered to be filed by the court. *Except when otherwise prescribed by statute, the cost of preparing the record shall be borne by the petitioner. Where the petitioner has proceeded pursuant to Section 68511.3 of the Government Code and the Rules of Court implementing that section and where the transcript is necessary to a proper review of the administrative proceedings, the cost of preparing the transcript shall be borne by the respondent.* . . . If the expense of preparing all or any part of the record has been borne by the prevailing party, the expense shall be taxable as costs." (Italics added to denote the text of the critical 1982 amendment—Stats. 1982, ch. 193, § 4.)

preparation of the administrative hearing transcripts if he qualifies for in forma pauperis status under California Rules of Court, rule 985(b).

The second issue is whether an ex parte order granting a waiver of court fees and costs, listed under California Rules of Court, rule 985(i), constitutes a binding factual determination of in forma pauperis status in the action that may not be reconsidered by a second judge when determining a later application for waiver of other costs under rule 985(j).

We determine that Code of Civil Procedure section 1094.5 permits an administrative mandamus petitioner to obtain a waiver of the cost of administrative hearing transcripts upon a showing of in forma pauperis eligibility. We also conclude that an initial determination of indigency on an ex parte application for waiver of court fees and costs under California Rules of Court, rule 985(i) is subject to reconsideration when the party later seeks waiver of other costs under California Rules of Court, rule 985(j) and opposing parties show good cause for the court to investigate and reconsider the issue.

Real party in interest Dean (Dean) suffered administrative revocation of his California physician's license by petitioner, Board of Medical Quality Assurance (the Board).

Dean commenced administrative mandamus proceedings in superior court, in propria persona, pursuant to Code of Civil Procedure section 1094.5.

Thereafter, by ex parte application, in the form prescribed by California Rules of Court, rule 982(a)(17), Dean obtained from the court on May 13, 1987, an "Order on Application for Waiver of Court Fees and Costs." The order, issued by a court commissioner, permitted Dean to prosecute the administrative mandamus proceeding "without payment of any court fees or costs listed in rule 985(i), California Rules of Court." No prior notice of the ex parte application was given by Dean. Dean served the Board with a copy of the order, apparently believing that it permitted him to obtain the reporter's transcript of the administrative hearing without cost.

Dean later filed a noticed motion to compel the Board to pay for and lodge the administrative hearing transcript. The motion was initially before Judge Saeta. The Board opposed the motion on the ground that the order did not cover the transcript costs. The Board also sought to submit evidence in opposition to Dean's claim of indigency. Judge Saeta required Dean to

notice a motion for waiver of costs under California Rules of Court, rule 985(j) and submit supporting evidence of indigency.

Dean's consequent motion came before Judge Fields on November 10, 1987. Judge Fields ruled that the May 13 order waiving costs under California Rules of Court, rule 985(i) was a binding determination of in forma pauperis eligibility and thus he could not reconsider Dean's eligibility. He granted Dean a forma pauperis waiver of an estimated $8,500 cost of preparation of the administrative hearing transcript (Gov. Code, § 69950) pursuant to Code of Civil Procedure section 1094.5 and California Rules of Court, rule 985(i)(6). Judge Fields suggested that only the court commissioner who granted the May 13 waiver of California Rules of Court, rule 985(i) costs could possibly reconsider the factual issue of eligibility. Judge Fields also rejected the Board's argument that Government Code section 11523[2] precludes a waiver of such fees and preempts the contrary Code of Civil Procedure section 1094.5 authorization of such waivers.

## I

The first question to be resolved is whether a petitioner seeking judicial review of an administrative agency revocation of a medical license may ever obtain a waiver of the cost of preparation of the administrative hearing transcripts under Code of Civil Procedure section 1094.5.

The Board contends that Government Code section 11523, which does not authorize such a cost waiver, is in conflict with and prevails over Code of Civil Procedure section 1094.5, which expressly authorizes such in forma pauperis waivers pursuant to Government Code section 68511.3.

---

[2] Government Code section 11523, in pertinent part, states: "Judicial review may be had by filing a petition for a writ of mandate in accordance with the provisions of the Code of Civil Procedure, subject, however, to the statutes relating to the particular agency. Except as otherwise provided in this section, any such petition shall be filed within 30 days after the last day on which reconsideration can be ordered. The right to petition shall not be affected by the failure to seek reconsideration before the agency. The complete record of the proceedings, or such parts thereof as are designated by the petitioner, shall be prepared by the agency and shall be delivered to petitioner, within 30 days after a request therefor by him or her, *upon the payment of the fee specified in Section 69950 as now or hereinafter amended for the transcript,* the cost of preparation of other portions of the record and for certification thereof. *Thereafter, the remaining balance of any costs or charges for the preparation of the record shall be assessed against the petitioner whenever the agency prevails on judicial review following trial of the cause.* . . . In the event that the petitioner prevails in overturning the administrative decision following judicial review, the agency shall reimburse the petitioner for all costs of transcript preparation, compilation of the record, and certification." (Italics added.)

Government Code section 11523 is contained in the Administrative Procedure Act (Gov. Code, § 11500 et seq.) to which the Board is subject pursuant to Government Code section 11501.

The crux of the Board's argument is that when both statutes were enacted in 1945 neither provided for a waiver of transcript costs for indigents. But when Code of Civil Procedure section 1094.5 was amended in 1982 to provide for such waivers, Government Code section 11523 was not similarly amended. The Board sees this as a conflict between the statutes manifesting an implicit legislative intent to deny transcript cost waivers to indigent petitioners seeking review of decisions of administrative agencies subject to the Administrative Procedure Act (the APA) while authorizing such waivers to petitioners seeking review of decisions of other administrative entities. We disagree.

■ The Board correctly begins its analysis under the primary rule of statutory construction that courts must seek to ascertain the intent of the Legislature and give effect to that purpose. (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386-1387 [241 Cal.Rptr. 67, 743 P.2d 1323]; *Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].)

■ The manifest and undisputed purpose of the 1982 addition of the waiver provision to Code of Civil Procedure section 1094.5 was to permit indigents to obtain the administrative hearing transcripts essential to judicial review. As to the intended scope of this waiver provision, we note that Code of Civil Procedure section 1094.5 generally controls administrative mandamus review of all final state and local administrative agency decisions and orders "made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer. . . ." (Code Civ. Proc., § 1094.5, subd. (a); *Bixby* v. *Pierno* (1971) 4 Cal.3d 130, 137-140 [93 Cal.Rptr. 234, 481 P.2d 242]; *Taylor* v. *State Personnel Bd.* (1980) 101 Cal.App.3d 498, 502 [161 Cal.Rptr. 677]; *Weary* v. *Civil Service Com.* (1983) 140 Cal.App.3d 189 [189 Cal.Rptr. 442].) Necessarily included within Code of Civil Procedure section 1094.5's self-delineation of its scope are decisions of all agencies subject to the APA (Gov. Code, § 11501 et seq.). This is so because that act requires evidentiary hearings wherein the agency has fact determination discretion. (Gov. Code, §§ 11500, subd. (f), 11507.6, 11512, 11513, 11517; *Bixby* v. *Pierno, supra,* 4 Cal.3d at p. 137.)

Nothing in Code of Civil Procedure section 1094.5 or in the unqualified language of the 1982 amendment suggests that the Legislature intended to permit or deny indigents judicial review depending upon the unstated criterion of whether the challenged administrative decision is that of an agency subject to the APA.

Nevertheless, the Board views the 1982 addition of a transcript cost-waiver provision in Code of Civil Procedure section 1094.5, as manifesting the intent not to benefit indigents seeking review of decisions of any administrative agency subject to the APA. The Board also argues that Government Code section 11523 is the more specific of the two statutes and its provisions must prevail.

The Board, however, ignores an important secondary rule of statutory construction which is concisely stated in *Isobe* v. *Unemployment Ins. Appeals Bd.* (1974) 12 Cal.3d 584, 590 [116 Cal.Rptr. 376, 526 P.2d 528] as follows: " ' "Statutes in pari materia are those which relate to the same person or thing, or to the same class of persons or things. In the construction of a particular statute, or in the interpretation of any of its provisions, all acts relating to the same subject, or having the same general purpose, should be read in connection with it, as together constituting one law." ' " (Quoting *Old Homestead Bakery, Inc.* v. *Marsh* (1925) 75 Cal.App. 247, 258 [242 P. 749]; accord *County of Placer* v. *Aetna Cas. etc. Co.* (1958) 50 Cal.2d 182, 188-189 [323 P.2d 753] [". . . statutes relating to the same subject matter are to be construed together and harmonized if possible."].)

Code of Civil Procedure section 1094.5 and Government Code section 11523 meet the criterion for application of the in pari materia rule. The statutes concern the same subject matter and were enacted in the same 1945 legislative session (Stats. 1945, ch. 868, § 1 and Stats. 1945, ch. 867, § 1). (*Bixby* v. *Pierno, supra,* 4 Cal.3d at pp. 137-140.)

Government Code section 11523 expressly states that judicial review of decisions rendered under the APA be obtained exclusively under the provisions of the Code of Civil Procedure. Since all final agency decisions rendered under the APA have been, since 1945, subject to review under the provisions of section 1094.5 of the Code of Civil Procedure, the cross-reference in Government Code section 11523 to the Code of Civil Procedure must be considered to have been made with that knowledge.

Moreover, Code of Civil Procedure section 1094.5, subdivision (h)(1) reciprocally reflects court jurisdiction over administrative agency decisions issued under APA procedures. It authorizes the court in which administrative mandamus proceedings are instituted to "stay the operation of the administrative order or decision of any licensed hospital or any state agency made after a hearing required by statute to be conducted under the provisions of the Administrative Procedure Act. . . ."

The legislative history of the two statutes also suggests that they need not contain identical provisions to be in harmony. The statutes are so closely related in subject matter as to contain overlapping provisions concerning costs. None of the other provisions is conflicting. The overlapping provisions and the cross-references between Code of Civil Procedure section 1094.5 and Government Code section 11523 are far more suggestive of an intended complementary relationship than of mutual exclusivity.

■■ ■■ The fact that Code of Civil Procedure section 1094.5 and Government Code section 11523 are found in different codes does not necessarily preclude application of the in pari materia rule of construction. As indicated by the statement of the rule in *Isobe* v. *Unemployment Ins. Appeals Bd., supra,* 12 Cal.3d at page 590, it is the subject matter relationship that is determinative.

Accordingly, if there were an ostensible conflict between the provisions of these statutes as to waiver of costs for transcripts, the rule of construction favors reconciliation by reading the statutes as though they constitute one law rather than two independent laws.

■■ ■■ Thus, we do not agree that the 1982 amendment adding a cost waiver provision to Code of Civil Procedure section 1094.5 reflects an intent to deny such waivers to indigent petitioners seeking judicial review of final decisions of the 68 state agencies subject to the APA.[3] If that was the Legislature's intent, it is more reasonable that such an important and far-reaching limitation would have been expressly included in the 1982 amendment or contemporaneously added to Government Code section 11523.

Since the lodging of the administrative hearing transcripts is usually essential to obtaining judicial review, it is all the more reasonable to expect that the Legislature would have amended Government Code section 11523 in 1982 to expressly preclude waiver of transcript costs for indigents if it had intended to do so. (See *City of Rohnert Park* v. *Superior Court* (1983) 146 Cal.App.3d 420, 430 [193 Cal.Rptr. 33].) We find it difficult to presume that the Legislature intended by simple omission of a parallel provision to deny judicial review to all persons deprived of their livelihood and rendered indigent by administrative license revocation proceedings.

The Board collaterally contends that the limiting proviso in the first sentence of Government Code section 11523 ("subject, however, to the

---

[3] Our review of the Senate Judiciary Report on Assembly Bill No. 606, Assembly Conference Committee Report No. 019499, and other pertinent legislative reports reveals no such intent.

statutes relating to the particular agency") precludes application of the Code of Civil Procedure section 1094.5 waiver provision because Government Code section 11523, inconsistently, does not provide for such waiver for APA agencies. But this proviso does not refer to any conflicting provisions within Government Code section 11523 itself which pertains equally to all 68 agencies listed in Government Code section 11501, rather than to a single "particular agency."

The Board also points to the second sentence of Government Code section 11523 as excepting application of the Code of Civil Procedure section 1094.5 waiver provision. However, that sentence manifestly applies exclusively to the time period for filing petitions for judicial review.

The Board also notes that in 1986 the Legislature amended Government Code section 11523 by adding provisions that, in effect, make all costs of administrative mandamus proceedings paid by the prevailing party therein taxable as costs against the losing party. The amendment also precludes an unsuccessful petitioner from renewal or reinstatement of a license until these costs are paid to the prevailing agency and make the obligation enforceable by the agency as a contractual obligation. This 1986 amendment overlaps the last sentence in Code of Civil Procedure section 1094.5, subdivision (a), which, since 1945, simply provided that all costs of preparation of the record borne by the prevailing party shall be taxable as costs.

The Board argues that because this 1986 amendment added overlapping "taxable costs" provisions to Government Code section 11523, but did not also add a parallel provision for in forma pauperis waiver of transcript costs, the Legislature must have intended not to permit such cost waivers under Government Code section 11523.

This argument is not an unreasonable one; there is, however, no express provision in the 1986 amendment manifesting such negative intent. Neither are the provisions of the 1986 amendment inconsistent with the taxable cost provision of Government Code section 1094.5.

The provisions of the 1986 amendment are clearly more expansive in subject matter than the simple taxable-costs provision of Code of Civil Procedure section 1094.5, subdivision (a). We cannot attribute to the 1986 amendment a legislative intent merely to parallel the "taxable costs" provision in Code of Civil Procedure section 1094.5.

We therefore conclude that the 1986 amendment to Government Code section 11523 had a different and broader purpose than merely to add a

taxable-costs provision identical to that already contained in Code of Civil Procedure section 1094.5, subdivision (a). The amendment manifestly sets forth new license renewal and debt collection consequences arising from an agency prevailing in administrative mandamus proceedings. The Board has not submitted any legislative proceeding reports or other cognizable documents reflecting the legislative intent the Board attributes to the 1986 amendment.

Finally, all of the cases cited by the Board holding that waiver of transcript costs may not be had under Government Code section 11523 precede the 1982 amendment to Code of Civil Procedure section 1094.5 and are of no import here. They were decided when no statutory authorization existed for waiver of such costs in Code of Civil Procedure section 1094.5. It is perhaps significant that the Board cites no similar holding rendered after the 1982 amendment.

II

The final question is whether an initial determination of indigency under California Rules of Court, rule 985(i) is conclusive upon a subsequent, opposed application for waiver of additional costs under California Rules of Court, rule 985(j).

 Respondent determined that the initial unopposed ex parte determination of indigency by a court commissioner was a binding factual determination that could not be reconsidered by a second judge and might not even be subject to reconsideration by the commissioner beyond the 10-day period specified in Code of Civil Procedure section 1008.[4]

Government Code section 68511.3 controls the entitlement of litigants to proceed in forma pauperis. In general, it requires litigants seeking in forma pauperis status to file a standardized application form evidencing indigency.

The portions of Government Code section 68511.3 most pertinent to our inquiry are: (1) that the court may authorize the clerk of the court or other county officers to make reasonable efforts to verify the litigant's financial condition; and (2) that at any time within three years after the court has granted a litigant permission to proceed in forma pauperis it may cause

---

[4] The time limitation of Code of Civil Procedure section 1008 is not jurisdictional. Trial courts have inherent authority to reconsider interim rulings until final judgment. (*Blue Mountain Development Co.* v. *Carville* (1982) 132 Cal.App.3d 1005, 1013 [183 Cal.Rptr. 594].)

investigation and reconsideration of the litigant's financial condition and compel the litigant to appear to demonstrate his eligibility.

California Rules of Court, rule 985 sets forth rules implementing Government Code section 68511.3. California Rules of Court, rule 985(f) provides that if a court determines within five days of the filing of an in forma pauperis application that "there is substantial evidentiary conflict concerning the applicant's eligibility for in forma pauperis status . . ." then a hearing may be conducted to resolve the conflict.

California Rules of Court, rule 985(g) requires the in forma pauperis litigant to inform the court of any change in circumstances bearing upon that status. "The court shall not reconsider that person's eligibility prior to the final determination of the case *except* as provided in subdivision (b), as otherwise provided by law, or for good cause shown and stated on the record." (Italics added.)

■ Reading the exception provision of California Rules of Court, rule 985(g) in light of subdivisions (a) and (c) of Government Code section 68511.3, requires that the rule be construed as not limiting a court's authority to reconsider a litigant's eligibility to situations where the litigant himself notifies the court of changed financial circumstances. The statute authorizes investigation and reconsideration of the litigant's financial situation "[a]*t any time within three years* after the court has granted a litigant permission to proceed in forma pauperis. . . ." (Italics added.) The statute does not condition this authorization to reconsider eligibility upon the condition that the litigant himself triggers the reconsideration.

California Rules of Court, rule 985 creates two categories of court costs and fees that may be waived. California Rules of Court, rule 985(i) lists the costs and fees that may be waived upon an initial application. These include clerk's filing fees, clerk's fees for certification and copying costs, clerk's fees for service of process and transmittal of papers, sheriff's and marshal's fees, and fees for attendance of reporters at hearings and trials held within 60 days of the granting of in forma pauperis status. In contrast, California Rules of Court, rule 985(j) lists other court costs and fees that may be waived upon a second application upon a showing of necessity. California Rules of Court, rule 985(j)(6) authorizes waiver of "[o]ther fees or expenses as itemized in the application." These "second level" "rule 985(j)" costs are generally more substantial than "rule 985(i)" costs. In some instances an in forma pauperis waiver of these items would have the significant consequence of shifting the payment obligation to opposing parties pending the

final outcome of the action or proceeding. Pragmatically, opposing parties might never recover these costs even if they prevail in the action.

■ Given the broad authority for reconsideration and the substantially different consequences of cost waivers upon opposing parties under the bifurcated procedures of California Rules of Court, rule 985, we conclude that courts have authority to reconsider a litigant's eligibility for waiver of costs and fees under California Rules of Court, rule 985(j) and are not bound by the determination of eligibility made on the initial ex parte application for waiver under California Rules of Court, rule 985(i).

■ Opposing parties should not be required to investigate the in forma pauperis eligibility of every litigant who seeks waiver of rule 985(i) costs. Such waivers do not shift liability for such costs to opposing parties. In contrast, opposing parties could be deprived of property interests without opportunity to be heard if rule 985(j) costs and fees were waived without permitting a challenge to the litigant's eligibility. In the underlying mandamus proceeding, the Board offered circumstantial evidence, and made an offer of further proof, casting doubt upon Dean's claim of indigency. Whether or not this showing was sufficient to defeat the application for waiver of transcript costs, it was sufficient to require the court to reconsider Dean's eligibility.

Respondent based its refusal to reconsider the issue of eligibility, in part, upon the fact that a judge of the superior court, in general, may not reconsider and reverse a prior ruling by another judge. (See *Micro/Vest Corp.* v. *Superior Court* (1984) 150 Cal.App.3d 1085, 1090 [198 Cal.Rptr. 404].) Respondent indicated that the commissioner who granted the application was available to reconsider the prior eligibility determination and that the Board's only recourse was with that commissioner. Respondent granted the waiver of administrative hearing transcript fees based upon the prior eligibility determination.

The record does not disclose whether the commissioner who granted the application on May 13, 1987, was, in fact, available to reconsider eligibility in November 1987. The petition herein does not claim that that commissioner is not available so as to permit Judge Fields to reconsider eligibility under the "unavailability" exception to the general rule against reconsideration by a second judge. (See *New Tech Development* v. *Bynamics, Inc.* (1987) 191 Cal.App.3d 1065, 1068-1070 [236 Cal.Rptr. 746].) Since respondent believed the commissioner to be available, the correct procedure was to transfer the entire application under California Rules of Court, rule 985(j)

to that commissioner to permit the court to exercise its authority to reconsider Dean's eligibility in the face of the Board's showing.

This conclusion is consistent with the provisions of Government Code section 68511.3 which suggest an intention to permit monitoring of eligibility to prevent fraud and the unwarranted shifting of costs to opposing litigants.

### III

Let a peremptory writ of mandate issue directing respondent to vacate its order of November 10, 1987, in Los Angeles Superior Court case No. C 633557, Dean v. Division of Medical Quality et al., which granted waiver of the costs of administrative hearing transcripts, and to thereafter proceed according to law.

It is further ordered that the temporary stay of the November 10, 1987, order shall remain in effect until this opinion shall become final as to this court.

McClosky, J., and George, J., concurred.

Petitioner's application for review by the Supreme Court was denied October 20, 1988.