[No. B054689. Second Dist., Div. Five. July 21, 1992.]

LOS ANGELES COUNTY DEPARTMENT OF PARKS AND
RECREATION, Plaintiff and Respondent, v.
CIVIL SERVICE COMMISSION OF LOS ANGELES COUNTY,
Defendant;
JOHN A. CASTANEDA, Real Party in Interest and Appellant.

**COUNSEL**

Rees Lloyd for Real Party in Interest and Appellant.

Hausman & Sosa, Jeffrey M. Hausman and Larry D. Stratton for Plaintiff and Respondent.

**OPINION**

ASHBY, J.—Appellant John A. Castaneda is employed as a golf course manager by the Los Angeles County Department of Parks and Recreation. Appellant was one of four county golf course managers applying for promotion to the position of assistant golf director in the Department of Parks and Recreation. Another of the four candidates was selected. Appellant requested and was granted a hearing before the Civil Service Commission of the County of Los Angeles on his allegation that the department unlawfully discriminated against him on account of his Mexican-American ancestry.

A hearing officer made findings in appellant's favor, and the civil service commission adopted the hearing officer's findings. The commission ordered that appellant be appointed to the next available vacancy in the position of assistant golf director.

The department of parks and recreation petitioned the superior court for a writ of mandate to set aside the commission's decision on the ground there was no substantial evidence of unlawful discrimination. The superior court issued the writ, finding alternatively under either Code of Civil Procedure

sections 1094.5 or 1085[1] that there was no substantial evidence to support the commission's finding of discrimination. Appellant appeals.

## STANDARD OF REVIEW

The parties dispute whether the trial court's review of the commission's action lay under ordinary mandamus (§ 1085) or administrative mandamus (§ 1094.5) and, if the latter, whether the trial court was entitled to exercise its independent judgment as to the weight of the evidence (§ 1094.5, subd. (c)). The trial court issued the writ on either ground alternatively, holding that whether the court exercised its independent judgment on the weight of the evidence or merely reviewed the administrative record for substantial evidence, there was no substantial evidence to support the finding of discrimination.

Administrative mandamus, rather than ordinary mandamus, applies when an administrative decision was made "as the result of a proceeding in which by law a hearing is required to be given [and] evidence is required to be taken." (§ 1094.5, subd. (a).)

Appellant contends that under the Los Angeles County Civil Service Rules[2] the commission had discretion whether to grant appellant a hearing.[3] Therefore, he contends, a hearing was not required by law, and section 1094.5 does not apply. (E.g., *Weary* v. *Civil Service Com.* (1983) 140 Cal.App.3d 189, 195 [189 Cal.Rptr. 442].)

Respondent contends that the alleged denial of a promotional opportunity on the ground of racial or ancestral discrimination involves such an important right that the law required a hearing even if otherwise discretionary under the rules. (E.g., *Chavez* v. *Civil Service Com.* (1978) 86 Cal.App.3d 324, 332 [150 Cal.Rptr. 197].)

---

[1] All section references hereafter are to the Code of Civil Procedure unless otherwise indicated.

[2] Civil Service Rules, appendix to title 5, Los Angeles County Code. All rule references hereafter are to these rules.

[3] Under rule 4.03A a petition for review involving discharge or reduction or suspension in excess of five days "shall be granted." In all other cases provided for in rule 4.01, the commission "may, at its discretion," grant a hearing. (Rule 4.03B.) Rule 4.01A specifically permits a petition for hearing by an employee "[a]dversely affected by any action or decision of the director of personnel concerning which discrimination is alleged as provided in Rule 25." Rule 25.01A provides in part: "No person in the classified service . . . shall be appointed, reduced or removed, or in any way favored or discriminated against in employment or opportunity for employment because of race, color, religion, sex, physical handicap, medical condition, marital status, age, national origin or citizenship, ancestry, political opinions or affiliations, organizational membership or affiliation . . . ."

We need not decide whether a hearing was "required by law." This dispute is only preliminary to appellant's main point that the superior court was not entitled to exercise its independent judgment on the weight of the evidence. ▇ We conclude that even if administrative mandamus applies, this case does not involve circumstances entitling the superior court to exercise its independent judgment.

Section 1094.5, subdivision (c) leaves to the courts the ultimate task of deciding in which cases a trial court is "authorized by law" to exercise its independent judgment on the weight of the evidence. (*County of Alameda* v. *Board of Retirement* (1988) 46 Cal.3d 902, 906 [251 Cal.Rptr. 267, 760 P.2d 464].)[4] Here the decision by the civil service commission was in favor of the employee, and it was the department of parks and recreation, the employer, which sought to have the trial court exercise its independent judgment on the evidence. It is well established that an employ*er*'s right to discipline or manage its employees is subject to civil service and antidiscrimination regulation and is *not* a fundamental vested right entitling the employ*er* to have a trial court exercise its independent judgment on the evidence. (*Lowe* v. *Civil Service Com.* (1985) 164 Cal.App.3d 667, 675-676 [210 Cal.Rptr. 673]; *Carpenter* v. *Civil Service Com.* (1985) 173 Cal.App.3d 446, 450-452 [220 Cal.Rptr. 407]; *County of Santa Clara* v. *Willis* (1986) 179 Cal.App.3d 1240, 1250 [225 Cal.Rptr. 244]; see *American National Ins. Co.* v. *Fair Employment & Housing Com.* (1982) 32 Cal.3d 603, 607 [186 Cal.Rptr. 345, 651 P.2d 1151]; *Northern Inyo Hosp.* v. *Fair Emp. Practice Com.* (1974) 38 Cal.App.3d 14, 22-23 [112 Cal.Rptr. 872]; *County of Alameda* v. *Fair Employment & Housing Com.* (1984) 153 Cal.App.3d 499, 503 [200 Cal.Rptr. 381]; *Johnson Controls, Inc.* v. *Fair Employment & Housing Com.* (1990) 218 Cal.App.3d 517, 530-531 [267 Cal.Rptr. 158]; *Donald Schriver, Inc.* v. *Fair Employment & Housing Com.* (1986) 220 Cal.App.3d 396, 403 [230 Cal.Rptr. 620]; cf. *City and County of San Francisco* v. *Fair Employment & Housing Com.* (1987) 191 Cal.App.3d 976, 984 & fn. 7 [236 Cal.Rptr. 716] [employ*ee* has fundamental vested right to promotional opportunity free of racial discrimination].)

Therefore the trial court was not authorized to exercise its independent judgment on the evidence. The question for both the trial court and this court is whether substantial evidence in the administrative record supports the

---

[4]Section 1094.5, subdivision (c) states, "Where it is claimed that the findings are not supported by the evidence, in cases in which the court is authorized by law to exercise its independent judgment on the evidence, abuse of discretion is established if the court determines that the findings are not supported by the weight of the evidence. In all other cases, abuse of discretion is established if the court determines that the findings are not supported by substantial evidence in the light of the whole record."

commission's findings. (*City and County of San Francisco* v. *Fair Employment & Housing Com.*, *supra*, 191 Cal.App.3d at pp. 983-984.) Issuance of the writ of mandate without the trial court's independent judgment on the weight of the evidence was proper if there is no substantial evidence to support the commission's finding of unlawful discrimination. (See *Coelho* v. *State Personnel Bd.* (1989) 209 Cal.App.3d 968, 971 & fn. 2 [257 Cal.Rptr. 557].)

## OVERVIEW OF BURDEN OF PROOF

In employment discrimination cases, California courts have frequently adopted the standards set by the United States Supreme Court for proving intentional discrimination under title VII of the federal Civil Rights Act, 42 United States Code section 2000e et seq. (*Mixon* v. *Fair Employment & Housing Com.* (1987) 192 Cal.App.3d 1306, 1316-1319 [237 Cal.Rptr. 884]; *University of Southern California* v. *Superior Court* (1990) 222 Cal.App.3d 1028, 1035 [272 Cal.Rptr. 264].) The Supreme Court has allocated the burden of proof and the burden of going forward. ■ The plaintiff must first carry the initial burden of establishing a prima facie case of racial discrimination. This is done by showing that plaintiff belongs to a racial minority; plaintiff applied for and was qualified for a job for which the employer was seeking applicants; despite plaintiff's qualifications plaintiff was rejected; and after plaintiff's rejection the position remained open and the employer continued to seek applicants from persons of plaintiff's qualifications. (*McDonnell Douglas Corp.* v. *Green* (1973) 411 U.S. 792, 802 [36 L.Ed.2d 668, 677-678, 93 S.Ct. 1817].)[5]

■ If the plaintiff meets the initial burden of establishing a prima facie case, the burden shifts to the employer to articulate some legitimate nondiscriminatory reason for the plaintiff's rejection. (*McDonnell Douglas Corp.* v. *Green*, *supra*, 411 U.S. at pp. 802-803 [36 L.Ed.2d at pp. 677-678].) The employer does not, however, have the burden to persuade the court that it had convincing objective reasons for preferring the chosen applicant over the plaintiff. The employer need only raise a genuine issue of fact to rebut the prima facie case. (*Texas Dept. of Community Affairs* v. *Burdine* (1981) 450 U.S. 248, 254-255, 257 [67 L.Ed.2d 207, 215-218, 101 S.Ct. 1089].) To accomplish this the employer must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection. (*Id.* at p. 255 [67 L.Ed.2d at pp. 216-217].)

---

[5]*McDonnell Douglas* involved hiring rather than promoting. In a case involving a promotional opportunity, it was held the fourth element of the prima facie case can be satisfied by showing the position was filled by another. (*Mohammed* v. *Callaway* (10th Cir. 1983) 698 F.2d 395, 398.)

■ If the employer meets this burden of going forward, the plaintiff has the ultimate burden of persuading the trier of fact that the employer intentionally discriminated against the plaintiff. (450 U.S. at pp. 253, 256 [67 L.Ed.2d at pp. 215, 217].) The plaintiff must persuade the trier of fact that the reason offered by the employer was a pretext for unlawful discrimination. (*McDonnell Douglas Corp.* v. *Green, supra,* 411 U.S. at p. 804 [36 L.Ed.2d at pp. 678-679].) "The plaintiff retains the burden of persuasion. [Plaintiff must] demonstrate that the proffered reason was not the true reason for the employment decision. This burden now merges with the ultimate burden of persuading the court that [plaintiff] has been the victim of intentional discrimination. [Plaintiff] may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." (*Texas Dept. of Community Affairs* v. *Burdine, supra,* 450 U.S. at p. 256 [67 L.Ed.2d at p. 217]; *U.S. Postal Service Bd. of Govs.* v. *Aikens* (1983) 460 U.S. 711, 716 [75 L.Ed.2d 403, 410-411, 103 S.Ct. 1478].)

■ The employer does not have the burden to prove by objective evidence that the person hired or promoted was more qualified than the plaintiff. The employer is not required to give preferential treatment to the minority candidate and has discretion to choose among equally qualified candidates provided the decision is not based on unlawful criteria. The fact that a court may think the employer misjudged the qualifications of the applicants does not in itself expose the employer to liability, although it may be a probative factor as to whether the employer's proffered reasons are pretexts for discrimination. (*Texas Dept. of Community Affairs* v. *Burdine, supra,* 450 U.S. at pp. 258, 259 [67 L.Ed.2d at pp. 218, 219].) ■ The prohibition against unlawful discrimination is not intended to diminish traditional management prerogatives, particularly in the discretionary decision to promote an employee to a managerial position. (*Id.* at p. 259 [67 L.Ed.2d at pp. 218-219]; *Gonzales* v. *MetPath, Inc.* (1989) 214 Cal.App.3d 422, 426-427 [262 Cal.Rptr. 654].) The decision to promote an employee to a managerial position involves many legitimate subjective considerations. (*Gonzales* v. *MetPath, Inc., supra,* at p. 428.) The fact that promotion decisions are traditionally left to the wide and subjective discretion of supervisors who are familiar with the employee applicants does not by itself raise an inference of discriminatory conduct. (*Watson* v. *Fort Worth Bank & Trust* (1988) 487 U.S. 977, 990 [101 L.Ed.2d 827, 842, 108 S.Ct. 2777].)

### DISCUSSION

Discrimination in employment based on race or ancestry is an evil which must be eliminated to remove arbitrary and unfair job barriers. (*McDonnell*

*Douglas Corp.* v. *Green, supra,* 411 U.S. at pp. 800-801 [36 L.Ed.2d at pp. 676-677].) ▮▮▮ But to establish intentional discrimination a minority plaintiff must show more than that a nonminority competitor was preferred. The plaintiff must come forward with some evidence that the employer's stated reasons were a pretext for intentional unlawful discrimination. Applying these standards to the case at bar, we hold appellant produced no substantial evidence of unlawful discrimination in this case. The trial court properly granted the writ of mandate.

As the hearing officer himself recited in his findings, the basic facts are simple and not in substantial dispute. Appellant was one of four candidates (the other three were Caucasian) for a promotion to assistant golf director; all four candidates met the qualifications of nine years experience as a golf course manager; the selection was made by the golf director, Larry Lee, who was thoroughly familiar with each of the candidates because he was their supervisor; Mr. Lee selected Donald Provine for the promotion based upon Lee's confidence in Provine's ability and Provine's prior performance as acting assistant golf director.

Mr. Lee testified at the administrative hearing, "Q You also testified that you used your own knowledge of these candidates, the four candidates, in assessing their abilities. Could you tell us what sort of things you were looking at or looking for? [¶] A I was looking for a person who I could— who was really a dependable person, someone who I could rely on their judgment, someone I would trust, someone who has a lot of self-initiative. Don Provine very well had those capabilities and qualities. [¶] Q . . . . How did he compare with the other candidates overall? [¶] [A] He definitely stood out in my mind among the other candidates. And, you know, of course, I realized that during this period of time that I supervised him, he was performing in two different positions, that is acting assistant golf director as well [as] golf course manager for Mountain Meadows Golf Course, and he performed very well in both positions. And he definitely stood out among the rest."

The hearing officer found, "It is true that there is nothing in the record to indicate any personal statements of bias on the part of [appellant's] Supervisors. However, the history of discrimination in our country tells us that proving this type of bias is difficult . . . ." In finding appellant to have been the victim of discrimination the hearing officer appears to have relied upon irrelevant factors or substituted, in place of management, his own opinion that appellant was better qualified than the other candidates.

Appellant contends "[t]he testimony of Larry Lee cannot sustain the department for the . . . reason that he is not the appointing power." The

hearing officer also relied on this factor. There is no merit to this argument because the appointing power, Acting Director of Parks and Recreation James Okimoto, relied entirely on Mr. Lee's recommendation.

The hearing officer primarily stressed the fact that all four candidates, having more than nine years of experience as a golf course manager, were given a 100 percent rating, and no numerical rankings were developed; previous annual performance evaluations or appraisals of promotability were not reviewed; rather, the matter was left to Mr. Lee's discretion. The hearing officer felt that appellant had outstanding qualifications for the promotion.

These factors did not establish discrimination. ■ The employer does not have the burden to prove by objective evidence that the person promoted was more qualified than the plaintiff. The employer is free to exercise discretion to choose among equally qualified candidates provided the decision is not based on unlawful criteria. ■ The decision to promote an employee to a managerial position involves proper subjective and discretionary factors, and it is not the function of the administrative agency or the court to substitute its judgment for the employer's. (*Texas Dept. of Community Affairs* v. *Burdine, supra,* 450 U.S. 248 at pp. 250, 251 [67 L.Ed.2d 207 at pp. 213-214]; *Gonzales* v. *MetPath, Inc., supra,* 214 Cal.App.3d at pp. 426-428.)

■ The record here shows that Mr. Lee was thoroughly familiar with all the candidates. Because he was the supervisor of all four candidates, a formal "appraisal of promotability" was unnecessary. Mr. Provine was already performing satisfactorily as acting assistant golf director. The fact that the decision was based on Mr. Lee's subjective evaluation does not by itself raise an inference of unlawful discrimination, in the absence of any other evidence that the proffered explanation was pretextual. (*Watson* v. *Fort Worth Bank & Trust, supra,* 487 U.S. at p. 990 [101 L.Ed.2d at p. 842].) The plaintiff must come forward with some evidence, direct or circumstantial, that the proffered reason was pretextual. (*U.S. Postal Service Bd. of Govs.* v. *Aikens, supra,* 460 U.S. at pp. 713-714 [75 L.Ed.2d at pp. 408-410].)

Appellant produced no direct evidence of bias on the part of the responsible official or in the department generally. (*Mixon* v. *Fair Employment & Housing Com., supra,* 192 Cal.App.3d at p. 1320; cf. *U.S. Postal Service Bd. of Govs.* v. *Aikens, supra,* 460 U.S. at pp. 713-714 fn. 2 [75 L.Ed.2d at pp. 408-409] [evidence that the person responsible for the promotion decision had made numerous derogatory remarks about Blacks in general and Aikens in particular]; *Jauregui* v. *City of Glendale* (9th Cir. 1988) 852 F.2d 1128,

1135, fn. 9 [pervasive atmosphere of bias within department].) Appellant produced no statistics reflecting a general pattern or practice of discrimination. (See *McDonnell Douglas Corp.* v. *Green, supra,* 411 U.S. at pp. 804-805 [36 L.Ed.2d at pp. 678-679]; *Watson* v. *Fort Worth Bank & Trust, supra,* 487 U.S. at pp. 990-991 [101 L.Ed.2d at pp. 842-843] [discretionary employment practices may in appropriate cases be analyzed statistically to demonstrate disparate impact].)

■ The hearing officer also complained respondent produced no evidence that "equal opportunity" was considered as a factor. The absence of affirmative favoritism toward a minority candidate is not by itself evidence of intentional discrimination against the minority candidate. (*Texas Dept. of Community Affairs* v. *Burdine, supra,* 450 U.S. at p. 259 [67 L.Ed.2d at pp. 218-219]; compare *Minnick* v. *Department of Corrections* (1979) 95 Cal.App.3d 506, 521 [157 Cal.Rptr. 260] [nonquota affirmative action policy upheld against challenge by Caucasian plaintiffs] with *Watson* v. *Department of Rehabilitation* (1989) 212 Cal.App.3d 1271, 1292 [261 Cal.Rptr. 204] [not only were affirmative action program requirements ignored, but plaintiff's supervisor "coached" the Caucasian applicant, called plaintiff a "nigger" and told plaintiff "minorities rarely make good professionals"].)

Appellant misplaces reliance on *Mohammed* v. *Callaway, supra,* 698 F.2d 395. There, the promoted employee manifestly did not meet the minimum qualifications in the job description and there was other evidence of racial discrimination.

We conclude there was no substantial evidence of discrimination in the promotional decision.

### 1988 Performance Evaluation

Shortly after Mr. Provine was selected for the promotion in January 1989, appellant received his annual performance evaluation (PE) for his performance as Lakewood course manager during 1988. Although in previous years appellant's PE had been "very good," the 1988 PE was "competent." Appellant contended that his 1988 PE was also a result of discrimination. Prior to the administrative hearing the civil service commission referred this issue to the hearing officer as an additional issue in connection with appellant's underlying claim. The hearing officer concluded "that the 'competent' Evaluation was a reaction to the appeal of Mr. Castaneda in an attempt to justify his non-appointment to the Assistant Golf Director position and that the PE was discriminatory." Based on appellant's underlying claim, the hearing officer recommended that any future vacancy in the position of assistant golf

director be earmarked for appellant. The hearing officer did not provide any separate remedy as to the 1988 PE.

Both parties filed objections, before the civil service commission, to the hearing officer's findings, report and recommendation. The department objected that there was no substantial evidence to support the findings of the hearing officer. Appellant objected that the hearing officer failed to grant a remedy as to the 1988 PE, that a second position should be created for appellant, and that appellant should be awarded backpay.

The civil service commission overruled both parties' objections and ordered that appellant be appointed to the next vacant assistant golf director position with retroactive pay commencing the date of the final decision.

The judgment of the superior court, finding no substantial evidence of discrimination, ordered the civil service commission to set aside its decision and to enter a new and different decision denying appellant's administrative appeal.

■ Appellant contends that even if the finding of discrimination in the promotional decision is reversed for lack of substantial evidence, the hearing officer's finding regarding the 1988 PE should be left undisturbed. Appellant contends his promotional complaint and PE complaint were two separate administrative appeals, and that the second aspect was not properly before the court.

There is no merit to this contention. Both the commission and the hearing officer considered the PE merely a piece of evidence about the underlying claim.[6] Were it not for the alleged connection between the PE and the claim of discrimination, the commission would not even have considered a hearing to review a PE rating of "competent."[7] The judgment of the trial court, ordering the commission to set aside its previous decision and enter a new decision denying appellant's administrative appeal, was appropriate in light of the scope of the appeal as framed by the commission.

The judgment is affirmed.

Turner, P. J., and Grignon, J., concurred.

A petition for a rehearing was denied August 10, 1992, and the petition of real party in interest for review by the Supreme Court was denied October 15, 1992. Mosk, J., was of the opinion that the petition should be granted.

---

[6] The finding that the PE was an attempt to "justify" appellant's nonappointment is not a finding that the promotional decision was motivated by unlawful discrimination.

[7] Rule 20.09 (PE ratings are subject to grievance procedure, results of which are reviewed by the appointing power); see *Weary v. Civil Service Com.*, *supra*, 140 Cal.App.3d at pages 191-192 and footnote 1 (former rule 21.14 provided that no request for a hearing will be considered from any rating other than "improvement needed").