139 F.3d 906
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Deannah M. MITCHELL, an individual, Plaintiff-Appellant,
v.
THE TURNER CORPORATION, a Delaware corporation; Turner
Construction Company Inc., a New York Corporation,
Defendants-Appellees.
 No. 96-56636.
D.C. No. CV-96-00597-SVW-AJW.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 2, 1998.
Decided Feb. 25, 1998.
 
 Appeal from the United States District Court for the Central District of California Stephen V. Wilson, District Judge, Presiding.
 Before FLETCHER, MAGILL,** and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 A. Age Discrimination
 
 2
 Turner articulated a legitimate, nondiscriminatory reason for Mitchell's termination--lack of work. The burden therefore shifted to Mitchell to produce "specific, substantial evidence" that the articulated reason was pretextual. See Wallis v. J.R. Simplot Co., 26 F.3d 885, 890 (9th Cir.1994). Mitchell has failed to fulfill her burden.
 
 
 3
 Mitchell points to a position in Sacramento that was filled by a "younger employee" in an attempt to meet her burden of showing pretext, but fails to present evidence that, at the time she was discharged, the Sacramento position was actually available.
 
 
 4
 It is undisputed that Mitchell's assignment ended on September 16, 1994, and she was laid off on September 22, 1994. Jennifer Bowie (the "younger employee") was scheduled to be laid off three weeks earlier than Mitchell, on August 31, 1994. Ms. Bowie was offered the Sacramento position in mid-August, at least one week prior to her scheduled layoff date. Thus, by the time Mitchell was laid off, the Sacramento position had been filled for approximately one month. There was, therefore, no position "available" at the time that Mitchell was laid off.
 
 
 5
 Mitchell appears to be claiming that Turner should have allowed Ms. Bowie to be laid off on August 31, even though there was a job available for her immediately (the Sacramento position), and should have instead held the Sacramento position open for Mitchell, even though Mitchell still had three weeks remaining on her current assignment. Her argument is thus, in essence, that Turner's failure to give her a preference for the Sacramento job constitutes discrimination. Employers in California are not, however, required to grant preferential treatment to employees based upon their age. They are simply prohibited from discriminating. See Los Angeles County Dep't of Parks & Rec. v. Civil Serv. Comm'n, 8 Cal.App.4th 273, 10 Cal.Rptr.2d 150, 154 (Cal.Ct.App.1992).
 
 
 6
 Because Mitchell failed to show that Turner's stated reason for her termination--lack of work--was pretextual, the district court's grant of summary judgment on Mitchell's age discrimination was proper.
 
 B. Breach of Contract
 
 7
 It does not matter whether Mitchell was or was not an at-will employee. Turner's stated reason for termination--lack of work--constitutes good cause, and Mitchell has failed to show that this stated reason was pretextual. The district court's grant of summary judgment on Mitchell's breach of contract claim was proper.
 
 C. Sex Discrimination
 
 8
 Although the severance packages in question were not comparable, the employees were also not similarly situated. At the time she was terminated, Mitchell was a secretary. In contrast, at the time the two men at issue--Tony Wang and Bob Davis--were terminated, Wang was a project accountant and Davis was a superintendent. Mitchell's monthly salary at termination was $2,950; Wang's was $4,300; and Davis's was $5,275. Mitchell had been employed with Turner for nine years and nine months, whereas Wang had been there for twenty-one years and Davis for fifteen years.
 
 
 9
 Because Mitchell failed to show that she was "similarly situated" to either Wang or Davis, see Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 258, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), the district court's grant of summary judgment on Mitchell's sex discrimination claim was proper.
 
 
 10
 D. Interference with Union Activities, Withholding Wages after Termination and Termination to Avoid Payment of Accrued Benefits
 
 
 11
 The district court dismissed Mitchell's claims based on union activities, withholding of wages and avoiding vesting of benefits because it found the claims barred by the statute of limitations. Because Mitchell has not argued on appeal that the district court's finding that these three causes of action are time-barred was in error, she has abandoned these claims. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir.1996), cert. denied, --- U.S. ----, 118 S.Ct. 49, 139 L.Ed.2d 15 (1997). The district court's grant of summary judgment on these three claims must therefore stand.
 
 E. Invasion of Privacy
 
 12
 Once Turner raised the defense that Mitchell's claim was barred by the statute of limitations, the burden was on Mitchell to show that the claim was timely under the doctrine of equitable tolling. See Jones v. Tracy Sch. Dist., 27 Cal.3d 99, 165 Cal.Rptr. 100, 611 P.2d 441, 446 (Cal.1980); Aubry v. Goldhor, 201 Cal.App.3d 399, 247 Cal.Rptr. 205, 210 (Cal.Ct.App.1988). Mitchell has failed to meet this burden. She has failed to show "that the facts of the [wrongful termination and the invasion of privacy] claims are identical or at least so similar that [Turner's] investigation of the first claim will put [it] in a position to fairly defend the second." Collier v. City of Pasadena, 142 Cal.App.3d 917, 191 Cal.Rptr. 681, 685-86 (Cal.Ct.App.1983). The district court's refusal to apply equitable tolling was therefore proper.
 
 
 13
 F. Intentional Infliction of Emotional Distress
 
 
 14
 The district court dismissed Mitchell's claim for intentional infliction of emotional distress ("IIED") because it found the claim preempted by California's Workers' Compensation statute. Mitchell has failed to argue that the district court erred in dismissing the IIED claim based on its finding of preemption. She has therefore abandoned this claim. See Martinez-Serrano, 94 F.3d at 1259. The district court's grant of summary judgment on the IIED claim must therefore stand.
 
 
 15
 AFFIRMED.
 
 
 
 **
 Honorable Frank J. Magill, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3