Filed 5/15/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| COUNTY OF LOS ANGELES DEPARTMENT OF PUBLIC SOCIAL SERVICES et al., | B282614 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BS159442) |
| v. | |
| CIVIL SERVICE COMMISSION OF LOS ANGELES COUNTY, | |
| Defendant; | |
| LINDA HOA, | |
| Real Party in Interest and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Amy D. Hogue, Judge.  Judgment vacated and matter remanded with directions.

Rocio Y. Garcia-Reyes; Weinberg, Roger & Rosenfeld, Monica T. Guizar and Alejandro Delgado for Real Party in Interest and Appellant.

Hausman & Sosa, Jeffrey M. Hausman and Larry D. Stratton for Plaintiffs and Respondents.

_____

In this case we must determine whether the Los Angeles County Civil Service Commission (Commission) has jurisdiction to rule on matters not delegated to it by the Charter of the County of Los Angeles (Charter). We conclude the Commission's special and limited jurisdiction does not extend to such matters.

Appellant Linda Hoa worked for the County of Los Angeles (County) for almost 30 years. As a County employee, Hoa was subject to the County's Civil Service Rules.[1] In this appeal, Hoa challenges the trial court's judgment reversing the Commission's order entitling her to a medical reevaluation under Rule 9.07B. In pertinent part, Rule 9.07B provides: "An employee may request, or an appointing authority may, with the consent of the director of personnel, require an employee to have a medical reevaluation."

The respondents on appeal are the County Department of Public Social Services (Department) and the County Chief Executive Office. Although respondents argue the trial court correctly construed Rule 9.07B, they contend the trial court erred

---

[1] Undesignated rule references are to the Los Angeles County Civil Service Rules (Rule or Rules). (L.A. County Code, tit. 5, appen. 1.)

in finding the Commission had jurisdiction to issue its ruling in Hoa's favor.

As explained below, although we disagree with the trial court's ruling on jurisdiction, we agree with the trial court's interpretation of Rule 9.07B.

## BACKGROUND

### 1. Hoa's Medical Leaves of Absence and Requests for Medical Reevaluation

Because this appeal primarily concerns issues of statutory construction, we recite the factual background only briefly.

Beginning in 2010, and as a result of a serious medical condition, Hoa took a number of extended medical leaves from work. In early 2013, Hoa believed, and her doctor reported, she was able to return to work with workplace accommodations. When Hoa reported for work, however, the County did not allow her to work. Instead, under Rule 9.07B, the County required Hoa to submit to a medical reevaluation, which she did in May 2013.[2] The County agency responsible for handling Rule 9.07B medical reevaluations is Occupational Health Programs.

A County clinical psychologist with Occupational Health Programs conducted the medical reevaluation. The psychologist determined Hoa suffered from a "chronic and persistent psychological condition" that had "caused her to miss an extraordinary amount of time from work over the past several years." The psychologist also reported that, when at work and "despite numerous accommodations that the department has made (such as assigning [Hoa] only a small fraction of the caseload that other co-workers carry), [Hoa's] performance has

---

[2] Hoa also had undergone a medical reevaluation in 2010.

3

been unsatisfactory and punctuated by complaints from participants." As a result of the May 2013 medical reevaluation, Occupational Health Programs determined "Hoa's psychological condition impairs her ability to think clearly or carry-through with an activity. From a practical standpoint, she is unable to effectively interact with others or in situations that require her to perform even the most rudimentary tasks. Due to the severity of her illness, Ms. Hoa is unable to perform any of the essential job duties of her current, or any other, position presently and in the foreseeable future."

As a result of the medical reevaluation findings and after holding an "interactive process meeting" with Hoa, the Department notified Hoa by letter dated August 7, 2013, that she was "unfit for duty and [was] unable to perform the essential functions of [her] position or of any other position at this time and for the foreseeable future." The letter also stated, "If your medical condition improves sufficiently enough that you are able to return to work and perform the duties of your position, and if you provide evidence of your improvement you can be reinstated within two years. Reinstatement is at the discretion of [Occupational Health Programs] based on a re-evaluation of your fitness-for-duty."

In September 2013 following the Department's unfit-for-duty determination, Hoa requested a medical reevaluation under Rule 9.07B. Although Hoa made additional requests for a medical reevaluation, the County responded to only one, declining it, and did not respond to others.

4

## 2.    Administrative Proceedings, Hearing, and Decision
### a.    Hoa's Appeal and Request for a Hearing

Following the denial of her requests for medical reevaluation, rather than seek mandamus Hoa appealed to, and requested a hearing before, the Commission.  In her June 24, 2014 appeal letter, Hoa requested the Commission grant a hearing on the following three issues:  "1.  Are the allegations in the Department's [confirmation of interactive meeting] letter dated August 7, 2013 true? [¶] 2.  Did the Department violate Civil Service Rule 25 by discriminating against Appellant due to medical condition? [¶] 3.  If so, what is the appropriate remedy."  The next month, in July 2014, Hoa filed an amended appeal with the Commission.  In her amended appeal letter, Hoa requested the Commission grant a hearing on the same three issues identified in her June 2014 appeal letter.

The Commission granted Hoa a hearing on her appeal.  However, in a January 14, 2015 "special notice" the Commission certified only two issues for consideration.  Those issues were:  "1.  Was there a violation of Civil Service Rule 9.07(B)?  [¶]  2.  If so, what is the appropriate remedy?"  It is undisputed the Commission did not certify any issue addressing or concerning discrimination.  The special notice also advised the parties that the facts or contentions at issue "must fall within the scope of the hearing as defined by the Commission."[3]

---

[3] Although not appearing on the special notice, some documents issued or filed in the matter included case headings or captions such as "Petition of LINDA HOA for a hearing on her denial of request for medical reevaluation in the position of GAIN Services Worker, Department of Public Social Services, based on her claim of a Civil Service Rule 25 violation, Case No. 13-210,"

### b.    The Hearing

A hearing officer was appointed to preside over the administrative hearing, which was held over the course of three days in February and March 2015.  Dr. Sepideh A. Souris, the chief of psychology from Occupational Health Programs, and Sherise McDowell-English, from the Department's human resources division, testified for the Department.  Hoa testified on her own behalf.

On the first day of the hearing, the Department filed a motion to dismiss the appeal, claiming the Commission lacked jurisdiction and could not order any effective relief because Occupational Health Programs was not a party to the appeal.  The hearing officer granted Hoa two weeks to respond to the motion, which she did.  On the second day of the hearing, the hearing officer denied the Department's motion to dismiss, stating the motion should have been filed earlier and with the Commission (as opposed to with the hearing officer).  The hearing officer delayed deciding whether effective relief could be awarded until after the hearing concluded.

In her closing brief, Hoa argued among other things that she had an "unconditional," "absolute," and "unqualified right" to a medical reevaluation under Rule 9.07B.  According to Hoa's interpretation of Rule 9.07B, it simply was not an option to refuse an employee's Rule 9.07B request for a medical reevaluation.  Hoa asserted her remedy was to be medically reevaluated by

---

or something similar, which reflected the nature of the appeal as initially framed by Hoa in her request for hearing.  Even though the discrimination claim was not certified, the case designation was not modified in later Commission notices or party filings.

6

Occupational Health Programs and that the Commission properly could order that relief.

In its closing brief, the Department again urged that the appeal be dismissed for lack of jurisdiction and that the Commission was unable to award effective relief. In addition, the Department argued Hoa had failed to show a violation of Rule 9.07B. The Department contested Hoa's interpretation of Rule 9.07B. According to the Department's "common-sense reading," Rule 9.07B "merely establishes that an employee may request a medical (psychological) re-evaluation, no more, no less." Contrary to Hoa's position, the Department insisted employees such as Hoa do not have an " 'absolute right' " to a medical reevaluation.

### c.    The Commission's Decision

In May 2015, the hearing officer issued his proposed findings of fact, conclusions of law, and recommendation (proposed decision). In September 2015, after considering the Department's objections to the proposed decision and Hoa's response, the Commission adopted the hearing officer's proposed decision as its final decision in the matter.

In its final decision, the Commission first addressed the Department's motion to dismiss. The Commission held the Department had waited too long to request dismissal and, in any event, its position was not well taken. The Commission also found that, although Occupational Health Programs was not a party to Hoa's appeal, the appeal could proceed because Occupational Health Programs "is a component of the County of Los Angeles that supports and interfaces with Department Management."

7

The Commission then addressed the alleged Rule 9.07B violation. According to the Commission, the Department's witnesses "focused more on the mental health condition of [Hoa] and its impact on [Hoa]'s fitness for work instead of whether the [Department]'s actions associated with [Rule] 9.07(B) was [*sic*] consistent with the purpose and intent of the language outlined in the rule." The Commission believed Dr. Souris from Occupational Health Programs had confused Occupational Health Programs' Rule 9.07B authority to approve or deny a request from the Department (or other County authority) to conduct a medical reevaluation with the employee's personal right to request a reevaluation.

Among other things, the Commission held Hoa had satisfied her burden of proof to establish the intent and purpose of Rule 9.07B. The Commission stated, "There is no evidence that clearly established that [Rule] 9.07(B)'s language delegated the authority to [Occupational Health Programs] or any other County body to refuse or deny an employee's request for a medical reevaluation." The Commission also determined a "reevaluation of [Hoa] as well as her Doctor's data could also be considered an appropriate interactive process activity."

In light of its findings, the Commission concluded Hoa had demonstrated by a preponderance of the evidence that the Department violated Rule 9.07B when it denied Hoa's request for a medical reevaluation. The Commission ordered that Hoa "1) be given a medical reevaluation per [Rule] 9.07(B) and 2) be required to submit whatever documentation the [Department] believes is essential to its reevaluation and decision-making."

8

### 3.	Trial Court Mandamus Proceedings and Decision
#### a.	Respondents' Position

Following the Commission's decision, the Department and the County Chief Executive Office (collectively, respondents) filed a petition for a writ of mandate with the superior court.[4] Respondents again argued the Commission lacked jurisdiction to hear Hoa's appeal.  Respondents explained the Commission possessed a limited and special jurisdiction that could not be implied, but rather was dictated by the Charter and the Rules.  According to respondents, the Commission's jurisdiction did not extend to appeals (such as Hoa's appeal) that concerned only Rule 9.07B medical reevaluation requests.  Rather, respondents argued Occupational Health Programs received and evaluated Rule 9.07B requests and the Commission had no power to compel Occupational Health Programs to conduct a medical reevaluation.

Citing Rules 4.01 and 4.03, respondents claimed an employee such as Hoa may file an appeal with the Commission only when the appeal concerns (1) an adverse action by the director of personnel that allegedly involved prohibited discrimination as described in Rule 25,[5] (2) an adverse action by the Commission without notice to the employee or an opportunity for the employee to be heard, (3) an employee discharge, reduction, or suspension in excess of five days, or (4) other issues for which the Charter or Rules permit an appeal.  Here, although

---

[4] The County Chief Executive Office was not a party to the proceedings before the Commission.

[5] Among other things, Rule 25 prohibits discrimination based on a medical condition.  (Rule 25.01A.)

9

Hoa's appeal alleged discrimination, the Commission did not certify the discrimination issue for determination by the hearing officer. Rather, the certified issues concerned only Rule 9.07B. Thus, respondents argued the appeal as framed by the Commission did not include any disputes within the Commission's jurisdiction. Moreover, respondents argued the Commission had no jurisdiction over Occupational Health Programs and, therefore, could not compel Occupational Health Programs to conduct a medical reevaluation of Hoa.

Finally, assuming the Commission had jurisdiction over Hoa's appeal, respondents argued the Commission erred in concluding both that Hoa had a "right" to a medical reevaluation and that Occupational Health Programs had no discretion to deny Hoa's Rule 9.07B request for a medical reevaluation. Respondents argued the plain language of Rule 9.07B did not support such an interpretation. Further, respondents explained that the Commission's interpretation of Rule 9.07B would lead to absurd results. In particular, according to the Commission's interpretation, any time an employee requested a medical reevaluation—whether it be once a year, once a month, or once a week—the Department would be obligated to grant the request. Respondents claimed the Commission "essentially ignored the evidence presented by [the Department], and instead relied wholly upon the conclusion that [Occupational Health Programs] lacked discretion under Rule 9.07(B)."

### b. Hoa's Position

In response, Hoa argued not only that the Department waived its jurisdictional arguments by not raising them in a timely manner, but also that the Commission properly exercised jurisdiction over her appeal. Hoa claimed that because her

10

appeal involved Rule 9.07B medical reevaluations, the appeal concerned allegations of discrimination under Rule 25. According to Hoa, "Rule 9.07(B) violations are also Rule 25 violations" and the Commission treated her appeal as involving claims of discrimination under Rule 25. Hoa also insisted the Commission could order the Department to comply with Rule 9.07B. In Hoa's opinion, the Department's argument concerning Occupational Health Programs was "an elaborate shell game of local government bureaucracy."

Moreover, and directly contrary to respondents' interpretation of the rule, Hoa argued Rule 9.07B afforded her "an absolute, unqualified right to a medical reevaluation." Hoa claimed her interpretation of Rule 9.07B promoted the Charter's purpose of prohibiting discrimination based on handicap. (Charter, § 30(3).) Hoa also argued she acted reasonably in requesting a medical reevaluation.

### c. The Trial Court's Ruling and Judgment

On February 3, 2017, after a brief hearing, the trial court issued its order granting the Department's petition for a writ of mandate. The court first addressed the issue of jurisdiction, which the court held could be raised at any time. Contrary to respondents' position, the trial court determined the Commission properly exercised jurisdiction over Hoa's appeal because the appeal raised allegations of discrimination under Rule 25. Specifically, the court held, "The Commission's Notice of Hearing [on Hoa's appeal] shows that the Commission granted Hoa's appeal based on her allegation of discrimination under Rule 25. Rules 4.01(A) and 4.03(B) expressly authorize the Commission to grant hearings in such cases. While the Commission narrowed the hearing to the issue of whether [the Department] violated

11

Rule 9.07(B), there is no evidence that the Commission rejected Hoa's allegations of discrimination." Additionally, the trial court was not persuaded by respondents' position that the absence of Occupational Health Programs as a party to the administrative proceedings rendered the Commission unable to act on Hoa's appeal.

Although the trial court rejected respondents' jurisdictional arguments, the court agreed with their interpretation of Rule 9.07B. The trial court held the plain language of Rule 9.07B indicated an employee such as Hoa could "request" a medical reevaluation, but Occupational Health Program was under no obligation to grant the request. The court found "no basis for inferring from the words 'may request' [as found in Rule 9.07B] any obligation on the part of the entity receiving the request." The court also noted that elsewhere in the Rules, the word "shall" was used to indicate a required action, which word choice was "in sharp contrast with the language of Rule 9.07(B)." The trial court also agreed with respondents that Hoa's interpretation of Rule 9.07B would lead to absurd results because it would allow an employee deemed unfit for service to request and receive an unlimited number of medical reevaluations.

Thus, although the trial court disagreed with respondents' jurisdiction arguments, it nonetheless granted the petition for writ of mandate because it concluded "the Commission abused its discretion in finding that an appointing authority must grant any employee's request for a medical reevaluation under Rule 9.07(B)." The trial court remanded the matter to the Commission for further proceedings consistent with the court's decision.

Counsel for respondents prepared a proposed judgment for the court. Before entering judgment, however, the trial court

12

edited the proposed judgment by, among other things, striking reference to an asserted finding that respondents had not abused their discretion in denying Hoa's Rule 9.07B request for a medical reevaluation. The trial court amended the judgment to state the court granted the petition for writ of mandate for the reasons articulated in its February 3, 2017 order (summarized above).

On March 21, 2017, the trial court entered judgment as amended. Hoa appealed.

## DISCUSSION

### 1. Standard of Review

There is no dispute that this case does not involve a vested fundamental right. As the trial court stated, "the question whether Hoa is entitled to a medical reevaluation does not substantially affect her vested, fundamental rights." Accordingly, "[t]he question for both the trial court and this court is whether substantial evidence in the administrative record supports the commission's findings." (*Los Angeles County Dept. of Parks & Recreation v. Civil Service Com.* (1992) 8 Cal.App.4th 273, 279–280.)

With respect to questions of law, however, we conduct a de novo review. (*Hi-Desert Medical Center v. Douglas* (2015) 239 Cal.App.4th 717, 730.) Statutory construction, including the construction of the Charter and the Rules, is a question of law subject to our de novo review. (*Department of Health Services v. Civil Service Com.* (1993) 17 Cal.App.4th 487, 494 (*Department of Health*).)

### 2. Jurisdiction

Respondents argue the Commission lacked jurisdiction over Hoa's appeal. We agree.

13

### a. Waiver

Respondents have not waived their objection to the Commission's asserted jurisdiction. Hoa claims that because respondents did not file a cross-appeal challenging the trial court's finding of jurisdiction, respondents cannot now argue the Commission lacked jurisdiction. However, the issue of subject matter jurisdiction "may be raised at any time." (*Troy Gold Industries, Ltd. v. Occupational Safety & Health Appeals Bd.* (1986) 187 Cal.App.3d 379, 385, fn. 3; *Gilliland v. Medical Board* (2001) 89 Cal.App.4th 208, 219 [a purely legal jurisdictional challenge may be raised for the first time on appeal].) "[L]ack of subject matter jurisdiction below does not divest this court of appellate jurisdiction to so rule." (*Troy Gold, supra*, at p. 385, fn. 3.)

### b. The Commission Lacked Jurisdiction Over Hoa's Appeal

" 'A civil service commission created by charter has only the special and limited jurisdiction expressly authorized by the charter.' " (*Zuniga v. Los Angeles County Civil Service Com.* (2006) 137 Cal.App.4th 1255, 1259 (*Zuniga*).) The Commission was created by the Charter. (Charter, § 31.) Thus, we must determine what special and limited jurisdiction the Charter conferred on the Commission.

As this district has previously explained: "Section 34 of the Los Angeles County Charter provides that the Commission 'shall serve as an appellate body in accordance with the provisions of Sections 35(4) and 35(6) of this article and as provided in the Civil Service Rules. [¶] The Commission shall propose and, after a public hearing, adopt and amend rules to govern its own proceedings.' Section 35(4) of the Los Angeles County Charter

14

requires the Board of Supervisors to adopt rules to provide for procedures for appeal of allegations of discrimination." (*Zuniga, supra*, 137 Cal.App.4th at p. 1259.) Section 35(6) of the Charter requires that the Rules provide for "Civil Service Commission hearings on appeals of discharges and reductions of permanent employees." Thus, as is evident from the plain language of the Charter, the Commission's special and limited jurisdiction encompasses only appeals alleging discrimination—including "discrimination based on . . . handicap" (Charter, § 35(4))—and appeals concerning discharge or reduction of permanent employees (Charter, § 35(6)).

Also as required by Charter section 35, the County Board of Supervisors adopted the Rules. (Rule 1.01–1.02.) Rule 4 governs hearings on employee appeals to the Commission. Under Rule 4.01, an "employee or applicant for employment may petition for a hearing before the commission" in the following circumstances only: When the employee or applicant is "A. Adversely affected by any action or decision of the director of personnel concerning which discrimination is alleged as provided in Rule 25;[6] [¶] B. Adversely affected by any action or decision of the commission made without notice to and opportunity for such person to be heard other than a commission decision denying a petition for hearing; [¶] C. Otherwise entitled to a hearing under the Charter or these Rules." In addition, Rule 4.03C provides that when the Commission grants a hearing on a petition as it did here, "the commission shall state the specific issue(s) in the

---

[6] As previously noted, Rule 25 prohibits discrimination based on, among other things, medical condition.

15

petition to be heard and will notify all the parties in writing of the issue(s). No other issues shall be heard."

Hoa's appeal did not fall within either category of the Commission's special and limited jurisdiction as delineated by the Charter. As noted above, in granting Hoa a hearing on her petition, the Commission certified two issues to be considered at the hearing. Those two issues concerned exclusively whether Rule 9.07B was violated and, if so, what the appropriate remedy was. No issue addressed or mentioned discrimination, and no issue addressed or mentioned discharge or reduction. There is no Charter provision or Rule permitting the Commission to hear appeals related to Rule 9.07, and the Commission does not have general jurisdiction to hear appeals related to medical issues. Accordingly, the Commission lacked jurisdiction over Hoa's appeal.

Hoa correctly points out her appeal to the Commission included a request for a hearing on three issues, including her allegation of discrimination under Rule 25. However, her request for a hearing does not define the scope of the appeal or hearing ultimately granted. Rather, as the Commission itself stated in its January 14, 2015 "special notice," the Commission defines the scope of the appeal by defining the issues to be considered. (Rule 4.03C.) Thus, the proper focus is on the issue or issues certified to be considered at the hearing. Here, those issues unequivocally did not include Hoa's allegation of discrimination. While Hoa was entitled to petition the Commission for a hearing on her claim of discrimination, the Commission was not required to agree to hear, and in fact did not agree to hear, her discrimination claim. Under Rule 4.03C, the Commission can

16

consider only those issues certified for the hearing. To the extent the Commission addressed discrimination, that was improper.

We disagree with Hoa's and the trial court's attempts to find jurisdiction through implication. Hoa and the trial court note, for example, that documents before the Commission referenced Rule 25 discrimination and that the parties and the Commission simply "understood" discrimination "ultimately" or "always" was at issue. In light of the governing law as outlined above, however, these arguments are not persuasive. The Commission has an obligation to define the scope of its hearings and is prohibited from addressing any issues outside that scope. Given the fundamental importance of its own jurisdiction, it is not reasonable to believe that although the Commission did not certify an issue within its special and limited jurisdiction, it and all the parties simply understood or believed an issue within the Commission's jurisdiction was being considered. If Hoa's allegation based on discrimination was to be considered, the Commission explicitly should have designated that issue as one certified for hearing. Referencing Rule 25 discrimination elsewhere in Commission documents, such as in captions or headings, is not sufficient.

Similarly, we reject Hoa's contention, with which the trial court agreed, that her Rule 9.07B request concerned issues of discrimination within the Commission's jurisdiction because her request purportedly implicated the interactive process required by both state and federal antidiscrimination laws (e.g., Gov. Code, § 12940, subd. (n)). To support her position, Hoa points to the Commission's factual finding that "[i]n light of [Hoa]'s Doctor letters returning her to work 'without restrictions', [a] reevaluation of [Hoa] as well as her Doctor's data could also be

17

considered an appropriate interactive process activity." First, this finding is equivocal at best. Second, we do not agree that an employee's Rule 9.07B request for reevaluation necessarily implicates the interactive process, and we decline to delineate a rule so stating. Finally, as noted above, the Commission certified two issues only, neither of which concerned discrimination generally or the interactive process specifically.

Likewise, we reject Hoa's claim that Rule 25 "is necessarily violated where Rule 9.07(B) is violated." Based on her reasoning, Hoa argues the Rule 9.07B issues that were certified for her appeal necessarily implicated discrimination issues as well, thus conferring jurisdiction on the Commission. We do not agree with Hoa's contention that every time the County denies an employee's request for a medical reevaluation, the County potentially has illegally discriminated against that employee. A finding of discrimination requires more than an improper refusal to medically reevaluate an employee.

Because we rule the Commission lacked jurisdiction over Hoa's appeal, we do not address respondents' argument that the Commission lacked the ability to compel either Occupational Health Programs or the Department to conduct a medical reevaluation.

### 3. Rule 9.07B

Although we conclude the Commission lacked jurisdiction over Hoa's appeal, in the interests of justice and because the purely legal issue may arise again, we address the underlying statutory interpretation issue considered by the Commission. We hold the Commission's interpretation of Rule 9.07B cannot stand. Instead, we agree with the trial court's interpretation of Rule 9.07B.

18

### a. Relevant Law

"The construction of county ordinances and rules is subject to the same standards applied to the judicial review of statutory enactments." (*Department of Health, supra,* 17 Cal.App.4th at p. 494.) "In construing a legislative enactment, a court must ascertain the intent of the legislative body which enacted it so as to effectuate the purpose of the law. [Citations.] [¶] The court first looks to the language of the statute, attempting to give effect to the usual, ordinary import of the language and seeking to avoid making any language mere surplusage. [Citations.] Significance, if possible, is attributed to every word, phrase, sentence and part of an act in pursuance of the legislative purpose. [Citations.] The various parts of a statute must be harmonized by considering each particular clause or section in the context of the statutory framework as a whole. [Citations.] [¶] The enactment must be given a reasonable and commonsense interpretation consistent with the apparent purpose and intent of the lawmakers, practical rather than technical in nature, and which, when applied, will result in wise policy rather than mischief or absurdity." (*Id.* at pp. 494–495.)

### b. The Proper Interpretation of Rule 9.07B

Hoa argues Rule 9.07B gives her an unqualified, absolute, and unconditional right to a medical reevaluation when she requests one. Rule 9.07B provides in full: "An employee may request, or an appointing authority may, with the consent of the director of personnel, require an employee to have a medical reevaluation. The purpose of such reevaluation must be to determine the capacities of the employee to perform the duties of the employee's job satisfactorily and without undue hazard to the employee or others. Accordingly, such reevaluation shall be

19

concerned only with the medical condition related to the satisfactory performance of the required duties or to the protection of the health, safety and welfare of the employee or others."

Our focus is on the first sentence of Rule 9.07B. The phrase "may request" does not imply an absolute right to the thing requested. Rather, it indicates the requesting person has the right and discretion to make the request. The requesting person is neither required nor prohibited from making the request. The use of compulsory words like "require," "must," and "shall" in the same rule supports this construction. As the trial court found, it is clear the drafters of Rule 9.07B knew how to use language to mandate or require an action when they so intended. Thus, we construe Rule 9.07B to provide the employee with a right to request a medical reevaluation, but not with a right to receive a medical reevaluation.

Hoa correctly notes we must seek to effectuate the intent and purpose of Rule 9.07B, which Hoa argues is to protect civil service employees who have been deemed unfit for duty. While we do not dispute the general accuracy of Hoa's argument, we also cannot construe Rule 9.07B in such a way that ignores the plain language of the rule. (*Department of Health*, *supra*, 17 Cal.App.4th at p. 494.) We conclude Hoa's and the Commission's construction of Rule 9.07B is convoluted and strained. To accept their interpretation, we must ignore the plain language of the rule and accept absurd results. As noted by the trial court, if as Hoa argues employees have an unconditional right to request and receive a medical reevaluation, an employee could request a medical reevaluation at any time and as many times as he or she wanted. The requests could never be denied. Hoa claims this

20

absurd scenario is unlikely to occur.  Additionally and somewhat surprisingly, Hoa contends that despite having an unconditional right to request and receive a medical reevaluation, Rule 9.07B actually only "entitle[s] the employee to a single reevaluation within a reasonable timeframe and circumstances."  As with her claim to an unconditional and absolute right, we find no logic or support for this allegedly reasonable interpretation of Rule 9.07B, and we reject it.

Moreover, although our interpretation of Rule 9.07B does not grant the absolute right for which Hoa so strenuously argues, our interpretation does not harm employees subject to the rule. Although under our interpretation, Occupational Health Programs necessarily has discretion to accept or to decline an employee's request for medical reevaluation, Occupational Health Programs cannot act arbitrarily.  (See *Fry v. City of Los Angeles* (2016) 245 Cal.App.4th 539, 549 [" ' "mandate will not lie to control a public agency's discretion, that is to say, force the exercise of discretion in a particular manner, it will lie to correct abuses of discretion" ' "].)  Contrary to Hoa's exaggerated statement, our interpretation of Rule 9.07B neither "grant[s] the County unfettered discretion to deny a due process protection in every instance where the [Rule] does not specifically state the employee 'demands' or 'insists' or the County 'shall' take a specific action [nor will it] have the effect of nullifying not just employees' right to a medical reevaluation—but also virtually every significant due process protection contained within the Rules."

Finally, we are not persuaded by Hoa's references to and reliance on the use of the word "request" in other contexts.  For example, when requesting a jury trial or requesting arbitration,

the word "request" is used in the sense of invoking a right to which the requesting party already is entitled. (E.g., Cal. Const., art. I [right to jury trial]; Code Civ. Proc., § 1281.1 [contractual right to arbitration].) In the context presented here, however, and contrary to Hoa's arguments, an employee is not entitled by law to a medical reevaluation under Rule 9.07B.

## DISPOSITION

The judgment is vacated. The matter is remanded and the trial court is directed to enter a new judgment reflecting our conclusion that the Los Angeles County Civil Service Commission lacked jurisdiction over Linda Hoa's appeal. Respondents County of Los Angeles Department of Public Social Services and the County Chief Executive Office are awarded their costs on appeal.

CERTIFIED FOR PUBLICATION.

LUI, P. J.

We concur:

ASHMANN-GERST, J.

HOFFSTADT, J.

22